Robb v. Robinson et al.

---

ROBB v. ROBINSON ET AL.

BAILEY v. THE SAME.

1. **Taxation:** ASSESSMENT OF OMITTED PROPERTY BY CLERK OF BOARD OF SUPERVISORS. Under § 747 of the Revision of 1860, the clerk of the board of supervisors had power and authority to assess real estate which had been omitted by the assessor.

*Appeals from Pocahontas Circuit Court*

WEDNESDAY, JUNE 10.

ACTIONS to set aside certain tax deeds. The court dismissed the plaintiffs' petition, and they appeal.

*A. F. Call*, for appellants.

*Powers & Lacy* and *McEwen & Garlock*, for appellees.

ADAMS, J.—These cases are submitted together as involving the same question of law. Before the submission, the

death of the defendant Robinson was suggested, and his administratrix and heirs were substituted.    The lands in question were sold for the delinquent taxes of 1869 and 1870. The plaintiffs aver in their respective petitions that the tax deeds are invalid for the reason that the lands were not assessed for those years.    To enable the court to determine whether the lands were assessed or not, the parties made a stipulation of facts as follows:    " That the assessment books of Pocahontas county do not show any assessment of the land for the years 1869 and 1870; that no lands of non-resident owners were returned on such assessment rolls, and that the lands in controversy were not owned by residents; that at the time of transcribing the assessments the said non-resident lands, including those in controversy, were entered on the tax-lists of said county by the county auditor, (or before his time by the county clerk,) who listed the lands for each of said years, and affixed a valuation thereto, and in such condition delivered said tax-list to the treasurer within the time provided by statute, and the county treasurer thereupon treated said lands as having been assessed."

The provisions of statute material to be considered are two sections of the Revision, and are as follows:    " Sec. 747. The clerk of the county board of supervisors may correct any clerical or other error in the assessment or tax book, and when any such correction, affecting the amount of the tax, is made after the books shall have passed into the hands of the treasurer, he shall charge the treasurer with all sums added to the several taxes, and credit him with all the deductions therefrom, and report the same to the supervisors." " Sec. 752.    It shall be the duty of the county treasurer to assess any real property, subject to taxation, which may have been omitted by the assessor or county clerk, and to collect taxes thereon."    The defendants rely upon these sections as showing that the clerk had power to assess.    The plaintiff's position is that no power is conferred upon the clerk except by section 747; that the power there conferred is merely the

power to "correct any clerical or other error in the assessment or tax book;" and that such power does not include the power to make an assessment of a class of lands wholly omitted by the assessor. But it is not going very far to say that the omission to assess land which ought to be assessed is an error, and that the only mode of correction is to supply the omission. Section 752 contemplates, without any question, that the clerk is to supply such omission. In construing a statute, we must, if it can be done reasonably, so construe it that all its parts will have some force, and be in harmony with each other.

In our opinion, the clerk had the power to make the assessment in question, and that the objection urged to the deeds, that they are invalid for want of an assessment, cannot be sustained.

AFFIRMED.