## PARKER v. VAN STEENBURG.

1. **Taxation:** ASSESSMENT OF OMITTED LAND BY COUNTY AUDITOR. Where certain wild land was by mistake omitted from the township assessor's book, and so was not assessed by the assessor, but the auditor, discovering the mistake after the return of the assessor's book, entered the land in the tax book, and affixed the valuation thereof for purposes of taxation at three dollars per acre, the board of supervisors having by resolution directed that the wild lands in that township be assessed at that rate, *held* that the auditor had authority so to assess the land, under Code, §§ 841, 851, (*Robb v. Robinson*, 66 Iowa, 500,) and that the assessment was not void because made after the rate of taxation had been fixed by the supervisors for the year, nor on the ground that the auditor did not exercise his personal judgment in fixing the valuation; in that he fixed it at the same rate per acre as the board had previously done.

*Appeal from Clay District Court.*

SATURDAY, DECEMBER 19.

ACTION in equity to cancel a tax deed to forty acres of land, and quiet plaintiff's title thereto. There was a judgment for plaintiff, granting the relief demanded in the petition. Defendant appeals.

*E. C. Hughes*, for appellant.

*Parker & Richardson*, for appellee.

REED, J.—Plaintiff seeks to defeat the tax deed under which defendant claims the land in controversy, on the ground that the land was not assessed for taxation for the year for which it was sold. The facts are that in January, 1873, the board of supervisors of the county made such changes in the boundary line between the civil townships of Herdland and Lincoln that the land was transferred from the former, in which it had formerly been included, to the latter. In preparing the assessors' books for that year, however, the audi-

tor entered the land, by its proper description, in the book prepared for Herdland township. The assessor made a note in the book, opposite the description, of the fact that the land had been transferred to Lincoln township, but did not assess it, and it was not assessed by the assessor of Lincoln township. When the auditor prepared the tax-book, he entered the description of the land under the head of Lincoln township, and affixed the valuation thereof, for purposes of taxation, at three dollars per acre; the board of supervisors having, by resolution, directed that the wild lands in that township be assessed at that rate. The taxes not having been paid, the treasurer offered the land for sale at the annual sale of lands for delinquent taxes, and it was purchased by defendant, and the treasurer executed to him a deed therefor after the right of redemption from said sale had expired. Plaintiff's position is that the auditor had no authority to assess the land for purposes of taxation, and hence the sale was unauthorized and the deed is void. The question involved in the case was decided by this court in *Baily v. Robinson* and *Robb v. Same*, 66 Iowa, 500. That decision was made, however, since the judgment in the present case was entered in the district court. We held in those cases that the clerk of the board of supervisors (who was the official predecessor of the county auditor) was authorized by the statute to assess real estate which had been omitted from the assessment by the assessor through mistake. We held that this authority was conferred on the clerk by sections 747 and 752 of the Revision of 1860. Sections 841 and 851 of the Code were in force when the assessment in question was made, but they contain the same provisions as were contained in said sections of the Revision, except that the powers conferred by the latter on the clerk are by the former conferred on the county auditor. Section 841 empowers the auditor to correct any clerical or other errors in the assessment or tax book, and section 851 makes it the duty of the treasurer to assess any real property subject to taxation "which may have been omitted

by the assessor, board of equalization, or county auditor, and collect taxes thereon.

Counsel for plaintiff have urged a number of grounds on which they contend that our construction of these sections is erroneous, and we have been led by their argument to re-examine the ground of our decision in the former cases. Without setting out or refuting the several arguments urged against the soundness of that decision, we deem it sufficient to say that, after a re-examination of the question, we are content to adhere to it. The manifest intention of the legislature, as it may be gathered from the various provisions of the chapter in which these sections occur, was to secure the assessment of all property subject to taxation. The purpose for which the sections were enacted was to aid in the accomplishment of that result. If real estate subject to taxation has been omitted from the assessment by the assessor, the county auditor generally has the means of determining that fact. He is the custodian of the books for the transfer of real estate, one of which (the book of plats) contains the description of each tract of real estate in the county; and it can be determined by a comparison of the assessment with this book whether any tract of real property has been omitted from the assessment. He is also required to prepare the tax-book on which the taxes are collected by the treasurer, and, in doing this, any omissions of real estate from the assessment will almost necessarily come to his attention. As he is the custodian of the records from which it may be determined whether any omissions have occurred, and is in a position to determine that question, it is appropriate that he should be clothed with the power to correct such omissions when they are discovered.

The omission of property subject to taxation would clearly be an error in the assessment, the correction of which would involve the assessment of the property so omitted. The language of section 841 is general. The power conferred upon the auditor is to correct *any* error in the assessment. This

implies that he is to do whatever is necessary for the correction of any errors which may have occurred in the assessment. The omission of property from the assessment which is subject to taxation is an error which can be corrected only by assessing it, and the power to correct such error clearly includes the power to make such assessment. If the question whether the power to make the assessment was conferred on the auditor was to be determined from the language of this section alone, we would have little hesitancy in adhering to our former holding; but when the object and purpose which the legislature had in view when it enacted the section is taken into consideration, we think there is no reasonable doubt as to the correctness of the interpretation which we have placed upon it; and this view is confirmed by the language of section 851. By that section the treasurer is required to assess such real property as has been omitted by the assessor, board of equalization, or county auditor. It is beyond cavil, we think, that the legislature understood, when it enacted this provision, that the power to assess real property was somewhere conferred on the auditor.

II. It is contended, however, that, conceding that the auditor had authority to assess the property, the assessment is void because (1) it was not made until after the taxes for the year 1873 were levied by the board of supervisors; and (2) the auditor, in making it, exercised no judgment or discretion of his own as to the valuation of the property, but simply listed it, and affixed to it the valuation directed by the board of supervisors. Neither of these objections is valid. There is no provision of statute limiting the time within which the auditor may make the assessment, and there is nothing in the nature of the case which requires that the assessment of the property should precede the levy of the taxes. The tax levy fixes the per centum of tax which shall be collected on the valuation of the property, and this can as well be done before as after the assessment. It is a sufficient answer to the second objection to say that, while it

appears that a resolution had been adopted by the board of supervisors directing that wild lands in Lincoln township should be assessed at the rate of three dollars per acre, it does not appear that the auditor acted in obedience to that direction when he assessed the land in question at that rate. The presumption is that he exercised his individual judgment in fixing the valuation, and that presumption is not overcome by the fact merely that he adopted the same rate of valuation which the board had directed to be adopted. The judgment of the district court will be

REVERSED.