ALMIRA RIDLEY, Administratrix, *et al.*, Appellees, v. EDWARD D. DOUGHTY, Appellant.

1. **Taxation:** CORRECTION OF ERRORS: DUTY OF COUNTY AUDITOR. A county auditor cannot refuse to exercise the authority conferred upon him by section 841 of the Code, for the correction of errors in the assessment of taxes, because the tax book in which such correction should be made has been delivered to the county treasurer.

2. **Board of supervisors:** RECORDS: CORRECTION OF. A resolution of the board of supervisors of a county which, according to the minutes of the proceedings of the board, was duly adopted, and at a subsequent meeting read and approved, cannot, after the lapse of a year, and after the board has been partially changed by the retirement of one member and the election of another, and without notice to parties affected thereby, be repealed on the ground that, according to the memory of the members of the board, it was erroneously entered.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

SATURDAY, MAY 21, 1892.

ACTION of *mandamus* to compel the defendant, who is auditor of Emmet county, to make certain corrections in the tax books of the county for the year 1887. There was a trial to the court, and an order was made directing the defendant to make the correction as prayed. The defendant appeals.—*Affirmed.*

*J. G. Myerly*, for appellant.

*Soper, Allen & Morling*, for appellees.

ROTHROCK, J.—The controversy relates to the assessment of taxes upon real estate in the incorporated town of Estherville for the year 1887. The material facts in the case are, in substance, as follows: The plaintiffs are owners of real estate in said town. The property

was duly assessed for taxation for the year 1887.   On the fifteenth day of June, 1887, at a regular meeting of the board of supervisors, the said board, acting as a board of equalization of assessments, by a resolution of the board, reduced and decreased the assessed valua-. tion of real property within the limits of said incorporated town forty-four per centum less than the valuation made by the assessor.   The county auditor then in office, who was the predecessor of the defendant, disregarded said resolution reducing the assessment, and when he made up the tax book for that year he placed said real estate on the tax book at the valuation placed thereon by the assessor, and computed the taxes thereon on that basis.   On the seventh day of August, 1888, the plaintiffs made a demand in writing on the defendant that he correct the tax list to conform to the said order of the board of equalization in the matter of the reduction of valuation and taxation.   The defendant refused to make the correction, and this action to compel him to do so was commenced August 10, 1888.   On the twenty-third day of the same month the board of supervisors held a special meeting, at which it was resolved that the resolution passed on the fifteenth day of June was a mistake made by the then county auditor in recording the resolution, and the record was ordered amended so as to show that said resolution did not change the assessed value of the real estate within the incorporated town of Estherville.   The cause has once before been appealed to this court, and upon that appeal it was determined that an action of *mandamus* was the proper remedy, and that it was the duty of the auditor, if he entered an erroneous valuation, to correct it.   See 77 Iowa, 226.   We will now proceed to determine the questions presented in this appeal as raised by the answer and arguments of counsel.

It is claimed in behalf of the appellant that at the time the demand was made upon the defendant to correct the

1. TAXATION:
correction of
errors: duty
of county
auditor.
tax book, said book was out of his possession and control, and in the hands of the county treasurer, and that it was not within the lawful power of the auditor to comply with the demand. It appears to us that this question was determined in the former appeal. It is true the point was not elaborated in the opinion, but it is there held that the authority to make the correction is given him by section 841 of the Code. It was necessary to so hold, for the very question involved in that appeal was whether, under the facts, the action of *mandamus* could be maintained. One of the grounds of the demurrer which was determined in the former appeal was that the act sought to be enforced was discretionary with the defendant. It was held that it was an imperative duty. Section 841 of the Code, referred to in the opinion on the former appeal, is as follows: "The county auditor may correct any clerical or other error in the assessment or tax book, and when such correction affecting the amount of tax is made after the book shall have passed into the hands of the treasurer, he shall charge the treasurer with all sums added to the several taxes, and credit him with all deductions therefrom, and report the same to the supervisors." Under this provision of the law, the county treasurer cannot lawfully refuse to allow the proper corrections to be made, because authority to make the corrections is expressly conferred upon the county auditor; and correction may be made of any clerical "or other error." The claim that the tax book is under the control of the treasurer is correct in the sense that the book is his warrant for the collection of the taxes, but he has no right to interfere with the auditor in making lawful corrections of errors therein. There can be no doubt that the auditor may correct any error in the assessment. *Parker v. Van Steenburg*, 68 Iowa, 174.

II. The remaining question to be determined is, did the resolution of the board of supervisors, made

**2. BOARD of supervisors: records: correction of.** after this suit was commenced, affect the rights of the plaintiffs to have the correction made? It appears that the order made in June, 1887, reducing the assessment, was properly entered upon the record. At the next meeting the proceedings of the June meeting were read, and, on motion, approved. The resolution of the board made in August, 1888, was made by a body not composed of the same members. There was a change in one of their number, and one of the original members voted against the amendatory resolution. It is doubtless true that errors in the proceedings of a board of trustees or board of supervisors may be corrected. But resolutions of the board, once adopted, and afterwards read and approved, and after the lapse of a year, and after the board has been partially changed by the retiring of one member and the election of another, ought not to be repealed on the ground that it was erroneously entered, upon the mere memory of the members of the board, and without notice to the parties affected thereby. Such a proceeding would render public records of but little force as against the memory of a part of the officers under whose direction the records are made. In our opinion, the evidence of the proceedings by which the record was changed was properly rejected by the court. It is to be remembered that what the board attempted to do was not a correction of the record by adding thereto, but it expunged a resolution from the records on the ground that it was not passed by the board, and the act, if sustained, would increase the taxation of real estate in the incorporated town in a large amount. We find no authority in any adjudged case for such an exercise of power. As bearing upon the question, see *Jones v. Tiffin*, 24 Iowa, 190, and 1 Dillon on Municipal Corporations, ch. 11, and notes.

The judgment of the district court is AFFIRMED.