POLK COUNTY, IOWA, Appellant, v. HOYT SHERMAN, *et al.*

**Counties: ACTIONS BY.** A county may maintain an action in its own name to recover money wrongfully paid out by the treasurer.

**Jurisdiction: NOTICE BY COUNTY.** As Code, 2610, requires service of the original notice in an action against a county to be made on the county auditor, or chairman of the board of supervisors, service on the county treasurer, of notice of a petition in the district court, to compel him to correct his books by reducing the assessment against plaintiff, and an appearance by him, do not confer jurisdiction on the court, or bind the county in any manner.

**District Court Jurisdiction: TAXATION.** As the district court has no original jurisdiction to correct an assessment, or to order changes in the valuation of property as it appears on the books of the county treasurer, it cannot require the county treasurer to correct his books by diminishing the amount of an assessment against plaintiff, unless the latter has first appeared before the board of equalization and demanded the correction, as provided by Code, section 831.

**County Auditor: POWER TO ISSUE WARRANTS: Statutory construction.** Code, section 321, permits a county auditor to issue warrants only on the recorded vote or resolution of the board of supervisors, except in payment of jury fees; and the issuance of a warrant, without such a vote, to a tax-payer for an amount

claimed to have been paid by him to the treasurer on an excessive valuation of his property, is without authority.

SAME:  *Correcting assessment.*  Code, section 841, which allows the auditor to correct any "clerical or other error" in the assessment, or tax books, does not authorize him to diminish an assessment made and returned to the board of equalization, before whom the property owner made no objection.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, OCTOBER 10, 1896.

ACTION at law, to recover an amount alleged to have been wrongfully obtained from the plaintiff, by the defendant, Sherman. A demurrer to one of the three divisions of the answer was overruled, and there was a trial by the court without a jury, which resulted in a judgment in favor of the defendants, for costs. The plaintiff appeals.—*Reversed.*

*W. G. Harvison* for appellant.

*Frank A. Sherman* for appellees.

ROBINSON, J.—In March, 1894, the defendant, Amos W. Brandt, then auditor of the plaintiff, issued to his co-defendant, Hoyt Sherman, a warrant on the treasurer of the county, for the sum of one hundred and thirty-four dollars and sixty-four cents,which was paid to Sherman. This action is brought to recover that sum. The facts which led to the issuing of the warrant were substantially as follows: In the year 1894, Sherman was the owner of a tract of eighty acres of land, situate within the corporate limits of the city of Des Moines. In March, of that year, he appeared at the office of the county treasurer to pay the taxes then due on this land for the year 1893, and discovered that it had been assessed for that year in the sum of

eight thousand dollars, and that the taxes had been levied on that assessment. Believing that it was excessive, he investigated the matter, and found that the assessment was the result of an oversight on the part of the assessor. The latter, in assessing the real estate within his district, had, for convenience, used what he calls a "field book," in which he entered the real estate to be assessed. In that book he indicated valuations which were designated to aid in equalizing the valuations of the different tracts of real estate assessed, but were not intended to represent the assessable value of the property. In carrying out that plan, he had written in the field book, a valuation of eight thousand dollars for the tract in question. In consequence of an oversight, that was not revised, and was carried by his clerk into the assessment book, although, had the revision been made as intended, the assessable valuation would have been fixed at from three thousand two hundred to four thousand dollars. After discovering these facts, Sherman applied to the county auditor for relief, but was told that such matters were presented to the board of supervisors of the county. Sherman then applied to that board for a reduction of the assessment, but his request was refused, on the ground that the board did not have jurisdiction of the matter. He then presented to one of the district judges of Polk county, a petition, asking that the county treasurer be ordered to correct his books. Notice of the petition was served on the county treasurer, and he appeared forthwith, and filed an answer, which was prepared for him by the attorney for Sherman. Evidence was submitted to the court, and an order was made directing the assessor to correct the error in question on the assessment books and tax lists, in the office of the treasurer, by reducing the assessment in question to three thousand two hundred dollars, and the treasurer was directed to aid in making

the corrections. Instead of making the correction as ordered, however, Sherman paid the full amount of the tax levied, and then applied to the auditor for a warrant for the amount in excess of what the tax would have been on an assessment of three thousand two hundred dollars, and was given the warrant in controversy. This was done according to a custom of the offices to avoid defacing the books, and led to the result which would have been reached had the books been corrected, and the taxes been paid on the corrected valuation.

I. It is claimed by the defendant that the county of Polk is not entitled to maintain this action, and that the treasurer alone is authorized to collect taxes. This is not an action for the collection of taxes, but to recover money alleged to have been taken from the treasury of the county, wrongfully. In collecting it, the county, a body corporate, acted by its agent, the treasurer. When collected, the money belonged to the county; or, if a part of it was from levies made for municipal corporations and other beneficiaries, that part was held in trust by the county for their benefit and use. It did not belong to the treasurer, and if it was wrongfully paid out by him, the county may properly recover it. Code, sections 2543, 2544. It is a very common practice for municipal corporations to prosecute actions to recover money which belongs in their treasuries.

II. It is next urged by the defendants that the matter in controversy was adjudicated by the proceeding and order in the district court to which we have referred. The county was not served with notice of that proceeding, and was not a party to it, unless service of notice on the treasurer and the appearance by him were effectual as against the county. The relief asked of the court was not that money erroneously paid be refunded, but that an

error in the assessment of the land in question be corrected. But the district court only had appellate jurisdiction to correct errors in assessments. The board of equalization of the city of Des Moines had original jurisdiction for the correction of such errors, and it was the right of Sherman to appear before that board, and demand the correction to which he claims he was entitled, and, if refused that relief, to appeal to the district court. Code, section 831; *Smith v. City of Marshalltown*, 86 Iowa, 516 (53 N. W. Rep. 286). He failed to do so, and the district court did not have jurisdiction of the subject-matter of the proceeding in which it was in fact called to act. Moreover, the county treasurer had no duty to perform in regard to correcting the error, and service of the notice upon, and an appearance by him did not confer on the court jurisdiction of the county, nor bind the county in any manner. The statute provides that, if the county is defendant in an action, service of the original notice may be made on the chairman of the board of supervisors or county auditor. Code, section 2610. We conclude that the order of the district court was made without jurisdiction, and it is void.

III. It is insisted, however, that the county auditor is clothed with full power to correct clerical errors and other errors in the tax list; that what he did in this case was only to correct a clerical error; and that his act in so doing is not subject to review, but is final. This claim is based upon section 841 of the Code, which is as follows: "The county auditor may correct any clerical or other error in the assessment or tax book, and when such correction, affecting the amount of tax, is made after the books shall have passed into the hands of the treasurer, he shall charge the treasurer with all sums added to the several taxes, and credit him with all the deductions

therefrom, and report the same to the supervisors."
It is clear that the auditor did not act under this pro-
vision. When applied to by Sherman, before the
proceeding in the district court had been commenced,
he refused to make any correction; and when he fin-
ally acted, he did so, as he claimed, by virtue of the
order of the district court. But, if this were not so,
his act would have been unauthorized, because not
within the scope of the power conferred by the section
quoted. That authorizes the auditor to insert in the
tax list the name of the owner of the property taxed
in lieu of another erroneously used, *Adams v. Snow*,
65 Iowa, 436 (21 N. W. Rep. 765); *Conway v. Younkin*,
28 Iowa, 295; to correct an error in the description
of the property, *Beeson v. Johns*, 59 Iowa, 166 (13 N.
W. Rep. 97); and to list and assess real property wholly
omitted from the assessment book, *Parker v. Van
Steenburg*, 68 Iowa, 174 (26 N. W. Rep. 60); *Robb v.
Robinson*, 66 Iowa, 500 (24 N. W. Rep. 15). Doubt-
less there are other errors which may also be corrected
by the auditor. But where an assessment has been
made and returned to the board of equalization, and
the amount is either too high or too low; but is not
objected to by the property owner, and is not changed
by the board, it cannot be said to be erroneous within
the meaning of the section quoted. The statute has
pointed out specifically the method of procedure by
which an error in the amount of the assessment may
be corrected, and, if that method is not adopted, the
assessment is to be taken by the auditor as correct. The
property owner is charged with knowledge of the fact
that his property is assessed at the time required by the
statute. If he fails to appear before the board of
equalization, to have the assessment corrected, he may
be presumed to be satisfied with it. The law was not
designed to permit the auditor to correct assessments
which have been considered and approved by the

board of equalization. The action taken by the auditor in this case was erroneous, for the further reason that he had no authority to issue a county warrant, except upon the recorded vote or resolution of the board of supervisors authorizing it, excepting for jury fees. Code, section 321. It is not claimed that the board of supervisors authorized him to issue the one in question. It follows from what we have said that the judgment of the district court is erroneous, and it is REVERSED.