IN RE ESTATE OF CHARLES MEAD, Deceased, Appellee, v. STORY COUNTY *et al*, Appellants.

Taxation:    ASSESSING OMITTED PROPERTY:    POWER OF AUDITOR:    A county auditor has no statutory authority to list and assess omitted property, except in the preparation and completion of the tax list for the current year.    This duty is devolved by statute upon the county treasurer.

*Appeal from Story District Court.*—HON. J. R. WHITAKER, Judge.

WEDNESDAY, JANUARY 21, 1903.

PRIOR to April 19, 1901, the estate of Charles Mead, deceased, late of Story county, had been fully settled and

distribution made under orders of the district court in and for said county. The appellees are the widow and children of said Charles Mead, and distributees of his estate. On said date the appellant J. Q. Burgess, auditor of said county, acting upon information furnished him by so-called "tax ferrets," issued a notice addressed "To Charles Mead Estate," setting forth that for the year 1896 there was omitted from the assessment of said estate moneys and credits in the sum of $47,588, and that unless cause was shown to the contrary within ten days, said property would be listed and assessed and taxes extended thereon. An appearance was made on behalf of the distributees of said estate, and objections filed. On May 15, 1901, the auditor assumed to further act in the premises, and made a finding that for the year 1896 there was omitted from assessment and taxation of the moneys and credits belonging to said estate the sum of $47,588 actual value and $23,794 taxable value, and thereupon he, said auditor, entered upon the tax rolls of said county an assessment based upon such findings, and carried out a tax in the sum of $1,023.14 principal sum, with $255.78 interest. From the action of the auditor an appeal was taken to the district court by the said distributees of said estate. Pleadings on behalf of both parties were filed, and a trial was had, resulting in a decree by which it was declared and adjudged the assessment and tax so made and levied by the county auditor was without authority of law, was null and void, and the same was ordered canceled. The auditor and the county appeals.—*Affirmed.*

*Albrook & Lundy* for appellants.

*Dudley & Coffin* for appellees.

BISHOP, C. J.—Several questions are made upon the face of the record and presented in argument. We think the determination of one of such questions must result in

a disposition of the case. It is agreed that the auditor assumed to act under and by authority of chapter 47, Acts 28th General Assembly, and it is conceded that, unless he was authorized to so act by the provisions of said chapter, the decree of the court below was right, and should be affirmed. Previous to the enactment of the present statute, the power of the county auditor in the respect in question, as declared by section 841 of the Code of 1873, re-enacted as section 1385 of the Code of 1897, was limited to the correction of errors in the assessment and tax list, "and when such correction affecting the amount of tax is made after the books shall have passed into the hands of the treasurer, he shall charge or credit him as the case may be therefor, and report the same to the board of supervisors." The present statute, as shown by its title, is an act relative to the correction of assessment and tax lists. Section 1385 of the Code is thereby in terms repealed, and it is then provided that: "The auditor may correct any error in the assessment or tax list, and may assess and list for taxation any omitted property; but before assessing and listing for taxation any omitted property he shall notify by registered letter the person, firm, corporation, or administrator, or other person in whose name the property is taxed, to appear   *   *   *   within ten days,   *   *   * and show cause   *   *   *   why such correction or assessment should not be made   *   *   *.   And if such correction or assessment is made after the books have passed into the hands of the treasurer, he shall be charged or credited therefor as the case may be."

It seems clear that under Code, section 1385, the county auditor was authorized to correct only errors of commission appearing in the assessment or tax list, and to which his attention might be called in any way. It is equally clear that by the act of the 28th General Assembly there was added to the powers of the auditor the right to correct errors of omission as well as of commission.

There is nothing in the section of the Code, or in the later act of the general assembly however from which the conclusion may properly be drawn that it was the legislative intention to invest the auditor with power to thus deal with any assessment or tax list save that of the current year.    On the contrary, it seems to us that if, in the preparation of such list, or if, after the same had been prepared by him and passed to the treasurer, errors or omissions were discovered, it became his duty to correct the same.    Such, we think, is the plain purport of the statute.    Surely, there is nothing in the provisions thereof which gives the auditor the right, or, what is the same thing, makes it his duty, to take cognizance of any and all errors of omission and commission that it may be asserted or alleged exist in connection with the assessment and tax lists made up for and used in previous years.    We think that within the contemplation of section 1385, and as applied to the current year the errors that might be corrected thereunder were such as had relation to the name of the person against whom the assessment was made, the description of the property assessed, or the valuation thereof and the amount of the tax extended.    The section, as amended by chapter 47, etc., does not broaden the scope of the auditor's powers, save that, having first given notice, he may include in his assessment or tax list property which the assessor failed to assess and return, and may extend a tax thereon.    In other words, he is given authority to supplement the work of the assessors of the county, and complete the assessment of property therein. It is to be observed that in the statutory provisions referred to there is no time limitation in terms upon the right of the auditor to act. . Counsel for appellant argue therefrom that the auditor may act at any time, and with reference to the assessment list of any year.    For the reasons hereinafter stated, we think a contrary conclusion is to be drawn from the statute.

Section 1398 of the Code, being a reenactment of former code provisions, provides that the treasurer shall assess any real property which may have been omitted by the assessor, board of review, or county auditor; "but such assessment shall be made within four years after the tax list shall have been delivered to him for collection, and not afterwards." Evidently this section was intended to prevent the escape, within the time limit prescribed, of any real estate from taxation, even though the assessor, board of review, or county auditor fail to detect the omission. Now, taking into view the statutory provisions to which attention has thus far been called, and we think it clear that only errors, either of omission or commission, were within the contemplation of the lawmaking power; the auditor being given authority to make corrections as to both real and personal property, and the treasurer being given authority to make corrections as to real property. That the power thus given to the auditor was intended to be confined to the assessment list of the current year is emphasized, as we think, by the fact that the authority given to the treasurer is not only limited to four years, but by the further express provision of section 1398 may not even then be exercised unless "the property is then owned by the person who should have paid the tax." We assume that it will not be seriously contended that it was within the legislative intent and purpose to confer similar powers upon each of the two county officers, restricting, however, the exercise thereof by one to a period of four years, and giving to the other the right to go back to the time of the organization of the county, passing his judgment upon the work of each of his predecessors and that of each board of review and each separate assessor theretofore having held office in the county. That such conclusion is not to be drawn from the statutes cited as being the legislative intention is clear from the fact of the appearance of section 1374 in the present Code. Evidently it had

been called to the attention of the legislature that, not withstanding the provisions of law in force, property subject to taxation was still being overlooked, and, not only that, but was being withheld from taxation. Said section accordingly provides, in effect, that when property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer, upon being apprised thereof, shall, at any time within five years, make demand, and cause action to be instituted to recover taxes thereon, with interest and penalties. This section is supplemented by chapter 50 of the Acts of the 28th General Assembly, giving authority to boards of supervisors to employ assistance in the matter of the discovery of property not listed and assessed, and providing further that the treasurer shall give notice by registered letter before making any assessment as against any property so discovered. It will be observed that in section 1374 and the subsequent act of the General Assembly the county treasurer is the officer upon whom is imposed the duty of listing and assessing property withheld, overlooked, or for any other cause not listed or assessed; also that a five year period of limitation is prescribed.

Taking into consideration the evident purpose of the legislature, and especially in view of such time limit upon the right of the treasurer to act, it is not conceivable that there was any idea that the auditor, by chapter 47, etc., above cited, was clothed with the power to act along identical lines with the treasurer, and this without any limitation whatever as to time. We conclude that, save as to a current year, the duty of assessing and listing omitted property for taxation rests with the county treasurer, and that under the statute the county auditor has no authority to act in such cases. In our reading of the cases of *Parker v. Van Steenburg*, 68 Iowa, 174; *Ridley v. Doughty* 85 Iowa, 418, or *Robb v. Robinson*, 66 Iowa, 500, cited and relied upon by appellant, we find nothing that conflicts

with the veiws above expressed.   The cases of, *Galusha v. Wendt*, 114 Iowa, 597; *Lambe v. McCormick*, 116 Iowa, 169, and *Beresheim v. Arnd*, 117 Iowa, 83, are not in point, in that each one of such cases have relation to assessments made by the county treasurer.

Having reached the conclusion that there is no power given to the county auditor to act in a case presenting facts such as appear in the record before us, we have no need to consider the other questions made in the case.— AFFIRMED.