EDNA E. JEWETT *et al*, V. D. W. FOOT, Auditor, Appellant.

Taxation: OMITTED PROPERTY: POWER OF AUDITOR TO LIST: LIMITATION. The power of county auditors to list and assess for taxation omitted property under section 2, chapter 47, of the Acts of the 28th General Assembly, is limited by Code section 1374 to such property as may have been omitted within five years from the date of such assessment by the auditor.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

SATURDAY, JANUARY 31, 1903.

THE plaintiffs are the executors of the estate of Caleb
Jewett, deceased, and as such executors they had in their
possession on the 1st day of January, 1896, moneys and
credits of the estate, which were not listed for taxation for
that year. On December 21, 1901, the treasurer and the
auditor of the county separately notified the executors to
appear and show cause why a correction of the assessment
for 1896 should not be made. On the 24th of April, 1902,
the auditor determined the taxable value of the moneys
and credits of the estate for the year 1896, and that the
same had been withheld from taxation, and thereupon
assessed the property accordingly, and entered it upon the
tax books in the office of the treasurer. The plaintiffs ap-
pealed from the assessment. It was stipulated in the
district court that the executors were not notified of their
omission, nor was any demand made for the payment of
the taxes in question within five years from the date at
which they should have been assessed. The district court
adjudged that the assessment be set aside. The defendant
appeals.—*Affirmed.*

*Courtright & Arbuckle* and *A. B. Lovejoy* for
appellant.

*Edwards & Longley* for appellees.

SHERWIN, J.—The authority of the auditor to assess and
list for taxation omitted property is given by section 2,
chapter 47, Acts 28th General Assembly, which reads as
follows: "The auditor may correct any error in the assess-
ment or tax list, and may assess and list for taxation any
omitted property; but before assessing and listing for tax-

ation any omitted property, he shall notify by registered letter the person, firm, corporation, or administrator, or other person in whose name the property is taxed, to appear before him at his office within ten days from the time of said notice and show cause, if any there be, why such correction or assessment should not be made, and should such party feel aggrieved at the action of said auditor, he shall have the right of appeal therefrom to the district court, and if such correction or assessment is made after the books have passed into the hands of the treasurer, he shall be charged or credited therefor, as the case may be. All expenses incurred in the making of said correction or assessment shall be borne *pro rata* by the funds which are affected by said correction and the proceedings to be reported to the board of supervisors." The power given the auditor by this statute is in fact the precise power which he had been given by previous statutes, although there was added thereto in express terms the power to assess and list such property. By section 747 of the Revision of 1860 the clerk of the board of supervisors was authorized to "correct any clerical or other error in the assessment or tax book, and when any such correction affecting the amount of tax, is made after the books shall have passed into the hands of the treasurer, he shall charge the treasurer with all sums added to the several taxes, and credit him with all the deductions therefrom and report the same to the supervisors." Section 841 of the Code of 1873, and section 1385 of the Code are the same, except that the auditor is named therein instead of the clerk of the board, and immaterial changes in the phraseology were made. It is true, then, that for forty years prior to the enactment of chapter 47 of the Acts of the 28th General Assembly the auditor had the same power to correct errors in the assessment and tax list that was conferred by that chapter, because this court had held that he might assess and list omitted property. *Robb v. Robinson*, 66 Iowa, 500.

It is important to have the history of the act and the decisions thereunder before us in connection with the contemporaneous and subsequent legislation effecting the same purpose, because in determining the legislative intent we may look to the entire legislation on the subject, and to the construction placed upon any part of it by the legislature itself in enacting laws which are in *pari materia.* The purpose of this statute as first enacted and as it exists today is plain, and, as we have said, it has always conferred the power to correct errors in the assessment or tax list by assessing and listing omitted property, whether real or personal. So far there is no serious difference of opinion between counsel, but here they separate, the appellant contending that the power given the auditor may be exercised by him without limitation as to the time when it shall be used, and the appellee urging that it is limited to the current tax list, or, at the farthest, by the five-year period named in section 1374 of the Code; and we may here say that the question is not one of easy solution, for, so far as we are advised, the question involved here has never been considered or determined by this court. In *Robb v. Robinson,* 66 Iowa, 500, the question arose over the right of the auditor to add to the assessment rolls real property which had been omitted therefrom, and it was stipulated that he had made the addition in "transcribing the assessments."

In *Parker v. Van Steenburg,* 68 Iowa, 174, which, it is insisted, supports strongly the appellant's contention, the facts were these: A change was made in the boundary line between two townships whereby the land involved was transferred from the township where it had formerly been to another. In preparing the assessor's books thereafter, the auditor entered the land in the book prepared for the former township. It was not assessed by the assessor for that township, but he noted the fact in his book that it had been transferred. Nor was it assessed by the assessor of the township

to which it had been so transferred.   When the auditor pre-
pared the tax book for the treasurer, he entered the land
in the proper township, and assessed it, and this was held
legal under the authority of *Robb v. Robinson, supra.*   It
was contended there, however, that because the assess-
ment was made by the auditor after the taxes for the year
were levied by the board of supervisors, it was invalid,
and in discussing that question it was said:  "There is no
provision of statute limiting the time within which the
auditor may make the assessment, and there is nothing in
the nature of the case which requires that the assessment
of the property should precede the levy of the taxes."   In
construing this language, it must be borne in mind that
the levy therein referred to was made by the board at its
regular September meeting of that year; hence the ques-
tion we have here was not in that case, and was not there
considered or determined.   On the other hand, the reasons
therein given for permitting the auditor to assess omitted
property support the contention of the appellee herein.

It is said:   "If real estate subject to taxation has been
omitted from the assessment by the assessor, the county
auditor generally has the means of determining that fact.
He is the custodian of the books for the transfer of real
estate, one of which [the book of plats] contains the
description of each tract of real estate in the county; and
it can be determined by a comparison of the assessment
with his book whether any tract of real property has been
omitted from the assessment.   He is also required to pre-
pare the tax book in which the taxes are collected by the
treasurer, and in doing this any omissions of real estate
from the assessment will almost necessarily come to his
attention.   As he is the custodian of the records from
which it may be determined whether any omissions have
occurred, and is in a position to determine that question, it
is appropriate that he should be clothed with the power to
correct such omissions when they are discovered."   We

shall again refer to this language, but pass it for the time being, to consider the case of *Ridley v. Doughty*, 85 Iowa, 418, relied upon by the appellant. This case was twice tried before this court. On the first appeal (77 Iowa, 226), a question of procedure was alone determined. The facts upon which the second decision rested were as follows: The real property involved was duly assessed for the year 1887. At the June, 1887, meeting of the board of supervisors, sitting as a board of equalization, the assessed valuation of the property was reduced forty-four per cent. This reduction of the assessment was wholly disregarded by the auditor, and in making up the tax book for that year the property was assessed therein at the assessor's valuation. In August, 1888, a demand was made on the auditor that he correct the list to conform to the valuation fixed by the board. This he refused to do, and the action of mandamus followed soon thereafter, and he was ordered to make the correction, because it was his imperative duty under the law. And so it was. He had arbitrarily and without authority disregarded his plain duty under the statute. He had no power to act as an equalizer of assessments; and when he undertook to override the authority of the board in that respect he not only violated the law, but he refused to do the duty imposed upon him thereby, and he could not then sustain his act by the plea that the books had passed into the treasurer's hands, and such is, in effect, the holding, and nothing more.

We now look to the contemporaneous legislation relating to the same subject. By section 752 of the Revision of 1860, it was made the duty of the county treasurer to "assess any real property subject to taxation, which may have been omitted by the assessors or the county clerk," but no limitation as to the time when this might be done was therein fixed. Section 851 of the Code of 1873 imposed the same duty upon the treasurer, but provided "that such assessment shall be made within two years after the

tax list shall have been delivered to him for collection and not afterwards." Section 1398 of the Code is in all material respects the same, with the exception that the period of limitation is extended to four years, and the proviso added, "if the property is then owned by the person who should have paid the tax." In granting these powers to the auditor and treasurer, the legislature had in view the sole purpose of providing means whereby property subject to taxation should not escape its just proportion of the public burdens, and the several sections relate to the same matter, and must be construed together. The several statutes referred to relating to the auditor define his duty with relation to the "tax book" or "tax list," indicating, when read in connection with other sections contemporaneous therewith, that they refer to the current list or book, and to none other. That this was the intention of the legislature is also indicated by the power given the treasurer after the tax book was placed in his hands, and the extension of time given him by the limitations provided in the later acts. And this we believe to have been the thought of the court in discussing the reasons for the law given in the language cited from *Parker v. Van Steenburg, supra*; for it cannot be supposed that the legislature would confer the same power upon two taxing officers, and limit the time of its exercise as to one and not as to the other. Such a construction would make the law as an entirety inconsistent, while the other construction makes it entirely consistent in all of its parts, and harmonious as a whole. Moreover, when we consider the purpose and scope of other enactments relating to the same matter, we find the construction given those which we have already considered by the legislature itself, and, when this can be ascertained it is conclusive, and we are bound to follow it, unless it contravenes some constitutional provision.

By an examination of section 1374 of the Code in the light of previous legislation on the same subject, we find

that it is the first clear and unequivocal enactment conferring the power to reach back a period of five years for the recovery of the amount personal property should have been taxed. It is as follows: "When property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer shall, when apprised, thereof, at any time within five years from the date at which such assessment should have been made, demand of the person, firm, corporation or other party by whom the same should have been listed or to whom it should have been assessed, or of the administrator thereof, the amount the property should have been taxed in each year the same was so withheld or overlooked and not listed and assessed, together with six per cent. interest thereon from the date the taxes would have become due and payable had such property been listed and assessed, and upon failure to pay such sum within thirty days with all accrued interest, he shall cause an action to be brought in the name of the treasurer for the use of the proper county to be prosecuted by the county attorney or such other person as the board of supervisors shall appoint, and when such property shall have been fraudulently withheld from assessment there will be added to the sum found due a penalty of fifty per cent. upon the amount, which shall be included in the judgment. The amount thus recovered shall be by the treasurer apportioned ratably as the taxes would have been if they had been paid according to law.". This statute gives the treasurer alone power to demand at any time within five years from the date at which the assessment should have been made the amount the property should have been taxed in each year, and, if it is not paid, to assess and sue for the same. *Galusha v. Wendt,* 114 Iowa, 597.

If the construction of chapter 47, Acts 28th General Assembly, contended for by the appellant is right, section 1374 only gave the treasurer power which the auditor

already had, except as to bringing suit and as to the limit-
ation of time within which the demand must be made. In
other words, it is contended that before its enactment
greater power was already in the hands of the auditor,
because, if he had the power under the law as it then
existed to list and assess omitted property at any time, no
suit was necessary to collect the tax, and the time of
demand therefor was without limit. This thought had
very evidently never occurred to the legislature, although
it was then providing what it supposed to be legislation
which would uncover and subject to taxation property
which had long escaped its burdens. Nor did it have it in
mind when chapter 50, Acts 28th General Assembly, was
enacted, which was supplemental to section 1374, and
which would be equally as useless as would that section if
the auditor's power under chapter 47 were as unlimited as
claimed, because with such unlimited power of assessment
no further act was necessary to accomplish the desired
end. But the legislature was familiar with sections 1385
and 1398, and with the intent and scope thereof, and by
the contemporaneous enactment of section 1374 and the
later enactments of chapter 50, Acts 28th General Assem-
bly, placed a construction upon section 1385, which, in our
judgment, sustains the appellee's contention.

But if it were held that the auditor's power under
chapter 47 should not be limited to the current list, we are
of the opinion that it would necessarily be limited by sec-
tion 1374, because there the legislative intent to fix a
definite period within which investigation could be made
is expressed in so many words, and there are many reasons
which might be suggested showing the wisdom of such a
limitation. All personal property is of easy transformation.
The amount of a person's moneys and credits may vary
materially each year, notwithstanding the fact that the
record evidence may not show such change. Death inter-
venes and removes the means of proving just and legal

offsets, or the exact or even approximate amounts which should justly have been taxed. See *Galusha v. Wendt, supra,* and *Mead v. Burgess* (decided at present term.) Furthermore, as we have said with reference to former statutes, no possible valid reason can be given why one officer, with precisely the same duties as another, should be limited as to time of performance, and the other not. We do not believe that such was the legislative intent.

The judgment of the district court is therefore AFFIRMED.