J. A. BLONDEL, Appellant, v. WOODBURY COUNTY et al.,
Appellees.

TAXATION: Assessment—Assessment by Auditor after Nullification
1  of Tax. The county auditor has power to assess real estate as
"omitted" property when the ordinary tax thereon has been decreed
void because of an omission by the regular assessor, even though the
county treasurer possibly had the same power.

TAXATION: Assessment—Assessment by Auditor—No Current Year
2  Limitation. The auditor's power to assess omitted property is not
limited to the so-called *current* year.

Headnote 1: 37 Cyc. p. 1018. Headnote 2: 37 Cyc. p. 1018.

Headnote 1: 26 R. C. L. 351. Headnote 2: ·26 R. C. L. 351. ·

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

FEBRUARY 15, 1927.

REHEARING DENIED JULY 1, 1927.

The county auditor of Woodbury County assessed certain real estate belonging to Blondel. Blondel appealed to the district court, where the action of the county auditor was affirmed, and he now appeals to this court from the ruling of the district court.—*Affirmed.*

*F. W. Lohr* and *E. J. Stason,* for appellant.

*Ray E. Rieke* and *Alfred Pizey,* for appellees.

ALBERT, J.—Blondel was the owner of approximately 1,000 acres of land in Woodbury County, at the time of the controversy herein. Certain assessments appeared on the county treasurer's books against said land, and at the November term, 1924, of the district court of Woodbury County, Blondel, in an action brought for that purpose, obtained a decree against the county treasurer, permanently enjoining said treasurer from collecting the taxes thus appearing on the books in said treasurer's hands on the land involved herein, on the ground that said assessments were wholly void. From this decree no appeal was taken. On the 3d day of December, 1925, W. L. Egan, county auditor of Woodbury County, served notice on Blondel that he proposed to list said land and assess the same as omitted property. Blondel appeared and filed objections thereto, which were overruled by the county auditor, and the different tracts of land were listed and assessed. From this action by the county auditor Blondel appealed, and on trial in the district court, the action by the county auditor was affirmed. Hence this appeal.

1. TAXATION: assessment: assessment by auditor after nullification of tax.

As to the injunction proceedings referred to herein, there can be no contention over the rule that illegal assessments may be enjoined, nor can there be any dispute on the proposition that the doctrine of *res adjudicata* applies as well to tax proceedings as to ordinary litigation between individuals, nor on the proposition that the decree against the county treasurer is binding upon all officers in privity with him. These rules would all be applicable if effort were now being made to collect the identical

tax appearing on the treasurer's books to which the aforesaid decree applied; but this is not that kind of a proceeding.

The real turning point in this case, under the argument advanced by appellant, is that the county auditor was without authority to do what he attempted to do in this case, and on this theory it is contended that the action of the district court was erroneous. It is urged, in support of this contention, that, under Sections 7155 to 7157, inclusive, Code of 1924, the county treasurer alone would have power to assess this property. With this contention we cannot agree. Under Sections 7149 and 7150, Code of 1924, the county auditor is given the power to assess and list for taxation any omitted property; and while Section 7155 confers a similar power on the county treasurer, it is not exclusive. We have no hesitancy in holding that the aforesaid Sections 7149 and 7150 confer upon the county auditor power to list and assess omitted property. We have repeatedly so held, the last expression on this matter being *First Nat. Bank v. Anderson,* 196 Iowa 587, 594. But the contention of appellant seems to be that, under the circumstances in this case, this property was not "omitted," within the meaning of this section. With this contention we cannot agree. When the district court held in the injunction case that the assessment appearing on the treasurer's books was void because of certain omissions by the assessor, the whole proceedings leading up to the placing of these taxes on the county treasurer's books failed, and, so far as this land was concerned, it was, in effect, as though no proceedings had ever been had in attempting to assess the same; because, when the tax was void, it was void for all purposes. We held that, under these circumstances, the property in question was "omitted" property, within the meaning of the sections referred to, and that the county auditor was clearly within his power when he listed and assessed this property.

Another point raised is that the time had passed within which the county auditor could exercise this power, as it is claimed that he did not exercise the power within the "current year."

It is true that we have held, in certain cases, that, when the county auditor attempted to exercise this power, it must be

2. TAXATION:
assessment:
assessment by
auditor: no
current year
limitation.

exercised within the "current year." Some of these cases were ruled on the peculiar facts incident to the case; but whatever we may have said along those lines we have finally disposed of in the case of *First Nat. Bank v. Anderson*, supra, where it is said:

"It would seem to be equally clear that the authority of the auditor to correct the tax lists of the preceding year continues until the taxes have been paid or otherwise legally discharged. *First Nat. Bank of Remsen v. Hayes*, 186 Iowa 892. Whatever doubt may have previously existed on this point arose from the use of the term 'current year' in *In re Estate of Mead v. Story County*, 119 Iowa 69. This term also appears in *First Nat. Bank of Remsen v. Hayes*, supra, and in *Langhout v. First Nat. Bank*, 191 Iowa 957. The words are not, however, to be found in the statute, nor are they defined in any of the cases cited. It has been generally held that the term, when used in taxing statutes, does not refer to the calendar year [citing cases]. The purpose of the statute is to prevent property from escaping taxation. Provision is made therein for the assessment of omitted property, and also for the correction of errors in the tax lists. The authority of the auditor to correct the tax lists is not expressly or impliedly limited to the time within which he is required to deliver the same to the treasurer, but continues until the tax has been paid, or otherwise legally discharged."

It is apparent, therefore, from this ruling that we intended to give no force and effect whatever to the term "current year," as previously used in the decisions. Taxation is the rule in this state, and, if there be not authority in the county auditor, under these sections of the statute, to list and assess said property, it will escape its just share of the burden. It is our holding, therefore, that the right to assess this property, if it exist in the county treasurer under the aforesaid sections, is not exclusive, but that the county auditor had the power and was justified in assessing the same as omitted property in the manner and form in which he did, and that, as the land had not borne its share of the taxes, and no taxes had been paid or discharged therein for the time in controversy, it was subject to taxation, and was rightfully so listed and assessed by the county auditor.—*Affirmed*.

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.