Merlyn C. OKLAND and Darlene A.
Okland, Appellees,

v.

Gary BILYEU, Story County
Assessor, Appellant.

No. 83–1649.

Supreme Court of Iowa.

Dec. 19, 1984.

Mary E. Richards, Co. Atty., and John Paul Pendley, Asst. Co. Atty., for appellant.

Charles Deppe of Brekken, Deppe & Wynia, P.C., Story City, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

This appeal involves a taxpayers' challenge to a county assessor's increase in real estate assessments for years as to which the real estate taxes had previously been levied and paid. The district court sustained the challenge. Because we hold that the assessor lacked authority to increase the assessments for the years in question, we affirm the district court.

Plaintiffs Merlyn C. Okland and Darlene A. Okland own an acreage in Story County on which they constructed a building in 1979. Through no fault of plaintiffs the county assessor did not learn about the building until December 1982. Defendant Story County Assessor Gary Bilyeu then decided to increase the assessment of plaintiffs' real estate to reflect the building's value. He proposed to increase the assessment for the years 1980, 1981, and 1982. Substantial additional taxes would be due for each year.

Defendant gave plaintiffs notice pursuant to Iowa Code section 443.7 (1981) of his intention to increase the assessments. Plaintiffs objected to the increase, and their objections were overruled. They appealed the resulting assessments to the district court pursuant to section 443.8. Upon the appeal, the district court set aside the assessment increases for 1980 and 1981 and upheld the increase for 1982. Defendant then took the present appeal.

Several provisions of the 1981 Code are relevant. Section 428.1 requires an owner to list for the assessor property that is subject to taxation. The assessor is required to enter the property on the assessment rolls and affix a value to it. §§ 428.4 and 441.18. The assessor must in any year value and assess any real estate that the assessor finds was not listed, valued and assessed in the assessment year immediately preceding. § 428.4. In addition:

> Any buildings erected, improvements made, or buildings removed in a year after the assessment of the class of real estate to which they belong shall be valued, listed and assessed and reported by the assessor to the county auditor after approval of the valuations by the local board of review, and said auditor shall thereupon enter the taxable value of such building or taxable improvement on the tax list as a part of real estate to be taxed. If such buildings are erected by any person other than the owner of the land, they shall be listed and assessed to the owner of the buildings or improvements as real estate.

*Id.*

The actual value of real estate like that involved here is its market value. § 441.21 subd. 1(b). That value is determined as of January 1 of an assessment year. §§ 428.4 and 441.46. Provisions for notice of the assessment are in section 441.23. The assessment is to be completed not later than April 15 each year. § 441.28. No change in the assessment rolls is to be made after April 15 "except by order of the board of review or by decree of court." *Id.* When the board of review revalues or reassesses real estate pursuant to section 441.35, the new value is determined as of January 1 of that assessment year, but the statute bars any reduction or increase for prior years. Provisions for notice and appeal from

board of review decisions are in sections 441.36–.43.

The county auditor is to transcribe assessments into a book or record called the tax list by July 1 of each year. The list is to include taxpayer names, property descriptions, assessed valuation and the amount of tax due in each tax installment. § 443.2. The auditor is to deliver the list to the treasurer by June 30. § 443.4.

In the present case the assessor purported to act under authority of section 443.6, which provides: "The auditor may correct any error in the assessment or tax list, and the assessor or auditor may assess and list for taxation any omitted property." Defendant contends the building on plaintiffs' property was omitted property that he was authorized by section 443.6 to add to the tax list. He gave plaintiffs notice of the proposed increases in valuation pursuant to section 443.7 and, after he imposed the increases, plaintiffs appealed to the district court as provided in sections 443.8 and 443.-11. When an assessment of omitted property is made by the assessor after the tax records have passed into the hands of the auditor or treasurer, the auditor or treasurer is to enter the assessment. § 443.9.

The treasurer is granted separate power to assess omitted property and collect taxes on it. See §§ 443.12–.18. An assessment of real estate may be made within four years after the tax list is delivered to the treasurer, "if the property is then owned by the person who should have paid the tax." § 443.15. In addition, when any property subject to taxation has been "withheld, overlooked, or from any other cause ... not listed and assessed," the treasurer is empowered, at any time within five years of the date on which the assessment should have been made, to demand payment of the amount the property should have been taxed from certain responsible parties. § 443.12.

Plaintiffs contended in district court that the assessor lacked authority to increase their assessments for past years. Defendant asserted his authority to do so on the ground that the building was "omitted property" within the meaning of section 443.6. Defendant's theory seems to be that section 443.15 permits him to increase assessments for omitted property any time within four years after the tax list is delivered to the treasurer.

We believe the building was omitted property within the meaning of section 443.6 but hold that only the county treasurer had authority to change the assessment for 1980 and 1981. The district court held that the building was not omitted property and did not address plaintiffs' assertion that the assessor lacked authority to increase the assessments for prior years. The 1982 increase was permitted on the ground that the error of omission was discovered in time to change the then current 1982 assessment. This appeal involves only the district court's action setting aside the 1980 and 1981 increases. Because we ground our decision on lack of authority, we agree with the result but not the reasoning of the district court.

 Property is omitted property if it should have been but was not listed on the assessment roll or tax list. See Talley v. Brown, 146 Iowa 360, 373, 125 N.W. 248, 253 (1910). The building was not listed. Therefore the only issue is whether it was required to be listed. We believe section 428.4 requires buildings to be listed. They are to be listed "as a part of the real estate to be taxed" except when they have a different owner than the real estate. When they have a different owner they are listed separately from the land. In either event, buildings are thus distinct for listing purposes even though ordinarily they are considered part of the real estate for valuation purposes. See Tiffany v. County Board of Review in and for Greene County, 188 N.W.2d 343, 349 (Iowa 1971). Because plaintiffs' building was required to be listed but was not listed, it was omitted property within the meaning of section 443.6.

 This conclusion is consistent with the purpose of the provision. Its purpose is to prevent taxable property from escaping taxation. Blondel v. Woodbury Coun-

*ty*, 203 Iowa 1099, 1102, 212 N.W. 335, 337 (1927). The situation is different from a mere undervaluation of property or other mistake in judgment by the assessor. The statute does not exist for correction of mere mistakes in judgment. *See Muscatine Lighting Co. v. Pitchforth*, 214 Iowa 952, 956–57, 243 N.W. 292, 294 (1932). In this case the building was neither listed nor assessed because it was overlooked. The assessor's judgment was not exercised.

Our conclusion is also consistent with the decision of the Florida Supreme Court in *Korash v. Mills*, 263 So.2d 579 (Fla.1972). Even though, as in Iowa, improvements in Florida ordinarily merged in real estate for valuation purposes, the Florida court held that overlooking an improvement in valuing the real estate caused an escape from taxation subject to subsequent recapture under analogous statutory provisions. *Id.* at 581. We hold that the district court erred in the present case in finding that plaintiffs' building was not omitted property under section 443.6.

The remaining problem for defendant, however, is that section 443.6 is silent about the authority of the assessor or auditor to assess and list for taxation property omitted from taxation in prior assessment years. Provision exists in section 443.9 for a change in assessment to be made by the assessor or auditor after the tax list is delivered to the treasurer but this provision is also silent concerning prior assessments.

The case is controlled by this court's decision in *Mead's Estate v. Story County*, 119 Iowa 69, 93 N.W. 88 (1903). At that time a new amendment to the counterpart of section 443.6 gave the county auditor rather than the assessor and auditor the authority to "assess and list for taxation any omitted property." The other provisions of the relevant statutes were substantially the same as they are now. The auditor purported to act under his statutory authority by finding in 1901 that moneys and credits had been omitted from the 1896 assessment of estate property. The auditor entered the moneys and credits on the tax rolls, assessed them, and computed additional taxes due for 1896.

This court recognized that the counterpart of section 443.6 gave the auditor the power to correct errors of commission or omission in the tax list. This power was held to be limited, however, to the current assessment year:

There is nothing in the section of the Code, or in the later act of the general assembly however from which the conclusion may properly be drawn that it was the legislative intention to invest the auditor with power to thus deal with any assessment or tax list save that of the current year. On the contrary, it seems to us that if, in the preparation of such list, or if, after the same had been prepared by him and passed to the treasurer, errors or omissions were discovered, it became his duty to correct the same. Such, we think, is the plain purport of the statute. Surely, there is nothing in the provisions thereof which gives the auditor the right, or, what is the same thing, makes it his duty, to take cognizance of any and all errors of omission and commission that it may be asserted or alleged exist in connection with the assessment and tax lists made up for and used in previous years. We think that within the contemplation of section 1385 [now section 443.6], and as applied to the current year the errors that might be corrected thereunder were such as had relation to the name of the person against whom the assessment was made, the description of the property assessed, or the valuation thereof and the amount of the tax extended. The section, as amended by chapter 47, etc., does not broaden the scope of the auditor's powers, save that, having first given notice, he may include in his assessment or tax list property which the assessor failed to assess and return, and may extend a tax thereon. In other words, he is given authority to supplement the work of the assessors of the county, and complete the assessment of property therein. It is to be observed that in the statutory provisions referred to there is no time limita-

tion in terms upon the right of the auditor to act. Counsel for appellant argue therefrom that the auditor may act at any time, and with reference to the assessment list of any year. For the reasons hereinafter stated, we think a contrary conclusion is to be drawn from the statute.

Section 1398 of the Code [now sections 443.14 and .15], being a reenactment of former code provisions, provides that the treasurer shall assess any real property which may have been omitted by the assessor, board of review, or county auditor; "but such assessment shall be made within four years after the tax list shall have been delivered to him for collection, and not afterwards." Evidently this section was intended to prevent the escape, within the time limit prescribed, of any real estate from taxation, even though the assessor, board of review, or county auditor fail to detect the omission. Now, taking into view the statutory provisions to which attention has thus far been called, and we think it clear that only errors, either of omission or commission, were within the contemplation of the lawmaking power; the auditor being given authority to make corrections as to both real and personal property, and the treasurer being given authority to make corrections as to real property. That the power thus given to the auditor was intended to be confined to the assessment list of the current year is emphasized, as we think, by the fact that the authority given to the treasurer is not only limited to four years, but by the further express provision of section 1398 [now section 443.15] may not even then be exercised unless "the property is then owned by the person who should have paid the tax." We assume that it will not be seriously contended that it was within the legislative intent and purpose to confer similar powers upon each of the two county officers, restricting, however, the exercise thereof by one to a period of four years, and giving to the other the right to go back to the time of the organization of the county, passing his judg-

ment upon the work of each of his predecessors and that of each board of review and each separate assessor theretofore having held office in the county. That such conclusion is not to be drawn from the statutes cited as being the legislative intention is clear from the fact of the appearance of section 1374 in the present Code [now sections 443.12 and .13]. Evidently it had been called to the attention of the legislature that, notwithstanding the provisions of law in force, property subject to taxation was still being overlooked, and, not only that, but was being withheld from taxation. Said section accordingly provides, in effect, that when property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer, upon being apprised thereof, shall, at any time within five years, make demand, and cause action to be instituted to recover taxes thereon, with interest and penalties. This section is supplemented by chapter 50 of the Acts of the 28th General Assembly, giving authority to boards of supervisors to employ assistance in the matter of the discovery of property not listed and assessed, and providing further that the treasurer shall give notice by registered letter before making any assessment as against any property so discovered. It will be observed that in section 1374 and the subsequent act of the General Assembly the county treasurer is the officer upon whom is imposed the duty of listing and assessing property withheld, overlooked, or for any other cause not listed or assessed; also that a five year period of limitation is prescribed.

Taking into consideration the evident purpose of the legislature, and especially in view of such time limit upon the right of the treasurer to act, it is not conceivable that there was any idea that the auditor, by chapter 47, etc., above cited, was clothed with the power to act along identical lines with the treasurer, and this without any limitation whatever as to time. We conclude that, save as to a

current year, the duty of assessing and listing omitted property for taxation rests with the county treasurer, and that under the statute the county auditor has no authority to act in such cases.

*Id.* at 72–74, 93 N.W. at 89–90.

The term "current year" as used in *Mead* was subsequently interpreted to permit the auditor to correct errors in assessments until the tax has been paid or otherwise legally discharged. *See Blondel v. Woodbury County,* 203 Iowa at 1102, 212 N.W. at 337. We assume, without deciding, that the assessor or auditor could add omitted property to the tax list until then also. It is a moot point in this case because the district court found that the 1980 and 1981 taxes had been paid before the assessor acted on the omission.

■ The *Mead* holding applies in the present case. The assessor now shares the auditor's authority to add omitted property. That authority, however, has not been enlarged to permit either the assessor or auditor to add omitted property to the tax list for prior years at least when the taxes for those years have been paid. Recent cases have continued to recognize that this is the treasurer's responsibility. *See, e.g., Freitag v. Huiskamp,* 166 N.W.2d 915 (Iowa 1969); *Laubersheimer v. Huiskamp,* 260 Iowa 1340, 152 N.W.2d 625 (1967); *Cover v. Craemer,* 258 Iowa 29, 137 N.W.2d 595 (1965). The statutes impose limitations on the treasurer's authority and protect purchasers' rights. If the legislature wished the assessor to have the authority asserted in the present case, we believe similar restrictions would have been imposed. Moreover, a duplication of responsibility would introduce uncertainty and the opportunity for confusion into the law.

■ We hold that the assessor lacked authority to increase the 1980 and 1981 assessments. Because the district court reached the same result, although through different reasoning, we affirm the judgment.

AFFIRMED.