A. LANGHOUT, County Treasurer, Appellant, v. FIRST NATIONAL
BANK OF REMSEN, Appellee.

**TAXATION:**    Unauthorized Assessment by County Treasurer.    An as-
sessment of bank stock under Sec. 1322, Code Supp., 1913, which
has passed the boards of review, and remains unchallenged during
the current year by the county auditor, under Sec. 1385-b, Code
Supp., 1913, *becomes a finality.*    In other words, even though the
assessor fails to correctly compute the value of the stock from the
statement furnished by the bank, in that he omits to take into con-
sideration certain elements of value which would have enhanced the
value of the stock, nevertheless the *values so omitted* are not property
which the county treasurer may assess, under Sec. 1374, Code, 1897,
as property *"withheld or overlooked."*    Especially is this true when
it appears that the first-entered tax has been paid.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

JUNE 25, 1921.

ACTION to recover certain taxes assessed by the county
treasurer of Plymouth County, Iowa, upon the value of shares
of stock of the defendant bank for the years 1913 to 1916 in-
clusive.    The action is predicated upon certain values or parts
of shares omitted from assessment, within the purview of the
provisions of Section 1374 of the Code.    Judgment entered, an-
nulling the assessments entered by the county treasurer and
taxing costs to the plaintiff.    Plaintiff appeals.—*Affirmed.*

*Nelson Miller,* for appellant.

*Kass Bros.,* for appellee.

DE GRAFF, J.—This appeal involves a construction of Sec-
tion 1322, Code Supplement, 1913, in relation to the provisions
of Section 1374 of the Code.    The former section, *inter alia,*
defines the items to be considered by the assessor in ascertaining
the actual value of the shares of the capital stock of state and

national bank corporations, for the purpose of assessment for taxation. The latter section authorizes the county treasurer to make an assessment upon all property subject to taxation, of any person, firm, or corporation, which has been omitted, withheld, or overlooked, or from any other cause is not listed and assessed.

The primary question is whether certain property of the defendant bank, consisting of stock and moneyed capital, which the assessor should have considered in fixing the actual value of the shares of capital stock for the purpose of taxation, is "omitted property," within the purview of Section 1374 of the Code.

The facts were stipulated, and it was agreed that the defendant bank furnished to the assessor of the town of Remsen, Plymouth County, Iowa, in conformity to Section 1322 of the Code Supplement, a duly verified statement, at the proper time, for the years 1913 to 1916, inclusive; that the defendant bank is a corporation, with its capital divided into shares, numbering 300 for the year 1913 and 500 for each of the following years in question; that the said shares were owned for each of the years by the persons named, and in the number as set forth and described on the verified statement and as shown in the assessments; that, after the furnishing of said statement by the bank in each of the years involved herein, and within the legal time, the assessor and the board of review for the assessment district returned assessments against the stock of the defendant bank for the respective years; and, no appeal having been taken, such assessments were duly verified and certified, together with the tax list prepared by the auditor, and delivered to the county treasurer; that the statements furnished by the bank for each year were duly filed with the county auditor; that, during the months of February and March, 1918, the then county treasurer, believing that certain property had been omitted from taxation in said listing and assessment, and claiming to act under and by virtue of Section 1374 of the Code, made an assessment upon the stock of the defendant bank for certain taxes claimed to be due and owing by the defendant bank; that, prior to making said assessments on the omitted property, as alleged and claimed by the county treasurer, he made a demand upon the bank that

it pay said taxes, as provided by Section 1374; that notice was duly served, and that it recited that certain shares of stock and moneyed capital for the years heretofore mentioned had not been assessed and listed for taxation during said years; that the stock and moneyed capital not assessed for the respective years are as follows: 1913, $8,996; 1914, $15,312; 1915, $25,533; 1916, $30,744; that the taxes due on such property not assessed and listed for the respective years are in the respective sums, to wit: 1913, $138.31, 1914, $267.91, 1915, $517.66, 1916, $675; that thereafter, and on March 8, 1918, there were served on the treasurer by the defendant bank written objections to such proposed assessment; that the only question for determination in this case is the right of the plaintiff treasurer and his predecessor to make the assessment, levy, and collection of the taxes in this case sought to be collected, under the provisions of Section 1374 of the Code; and that, if such right exists, then the amount of recovery is for the sums stated in plaintiff's petition; but, if such right does not exist, then no recovery whatever can be had.

I. . It is conceded that the identical stock of the defendant bank for the respective years 1913 to 1916, so listed and assessed by the assessor and approved by the board of review, has now been listed and assessed by the county treasurer, and that this action seeks to collect the amount of the taxes so assessed by the county treasurer.

The contention of appellee is that, the identical shares of bank stock having once been assessed, even though erroneously, the same cannot be regarded as omitted property, within the purview of Section 1374 of the Code. This section reads:

"When property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer shall, when apprised thereof, at any time within five years from the date at which such assessment should have been made, demand of the person, firm, corporation  *  * * by whom the same should have been listed, or to whom it should have been assessed, * * * the amount of the property should have been taxed in each year the same was so withheld or overlooked and not listed and assessed,  *  *  *  and upon failure to pay such sum within thirty days, with all accrued interest, he shall cause an action to be brought in the name of

the treasurer for the use of the proper county,  *  *  *  and
when such property has been fraudulently withheld from assess-
ment, there shall be added to the sum found to be due a penalty
of fifty per cent upon the amount  *  *  *  ."

Is the property now sought to be listed and assessed for
purposes of taxation omitted property, within the purview of
this section, or is it a question of undervaluation, or a mathe-
matical error in assessment, which the county treasurer has no
authority to correct? He does not possess appellate powers or
jurisdiction.

It may be unjust to permit a bank to escape payment of
taxes on a true valuation, as contemplated by statute, and such
escape may result in discrimination; but courts cannot exercise
legislative functions. We can declare the intent, but we may
not amend the statute.

The powers, duties, and jurisdiction of taxing officials are
prescribed, and they may not take cognizance of matters not
within the contemplation of the statute defining their authority
and jurisdiction. For example, retroactive authority is not con-
ferred on the county auditor in the matter of correcting errors
of omission or commission appearing in the assessment or tax
list, except for the current year. *In re Estate of Mead v. Story
County,* 119 Iowa 69; *First Nat. Bank v. Hayes,* 186 Iowa 892.

Again, the act of the assessor in computing the value of
the shares of bank stock, and the ascertainment of such value
from the bank's verified statements, furnished him under Sec-
tion 1322, Code Supplement, 1913, is a purely ministerial act,
and his right and power to assess the bank stock must be in ac-
cordance with the method of computation prescribed by said
statute. The mistakes of assessors and boards of review are
final, in the absence of an appeal to the district court.

Therefore, unless the power conferred upon the county
treasurer by the provisions of Code Section 1374 is a warrant
for his listing and assessing of the shares of stock of the defend-
ant bank as omitted property, then such power does not exist.
The purpose of this statute, and the sole purpose thereof, is to
provide the means whereby property that has escaped the at-
tention of the assessor, or has been withheld from his knowledge,
and which may have escaped correction by the county auditor

for the current year, may be added to the assessment roll and made to bear its proper and proportionate share of public taxation.

"It was not intended to have any application to those cases where property, the subject of taxation, has been entered on the assessment books—in other words, has not been withheld, overlooked, or from any other cause not listed." *German Sav. Bank v. Trowbridge,* 124 Iowa 514.

To give this statute any other construction would be to create and constitute the county treasurer a reviewing officer in assessments required to be made by the assessor, and clearly this is not the legislative intent. See, also, *Security Sav. Bank v. Carroll,* 128 Iowa 230; *Woodbury County v. Talley,* 153 Iowa 28; *Brainard v. Harlan,* 158 Iowa 436. The statutory amendments to Section 1322 (Ch. 63, Acts of the Thirty-fourth General Assembly,) do not change or affect the powers and duties of the county treasurer, as defined by Section 1374 of the Code.

May we say that the property in question has been fraudulently withheld from assessment? It is to be remembered that, in the event that the assessor makes an erroneous assessment, or undervalues the property assessed, his action is subject to review by the board of review; and, if the error is not at that time discovered and corrected, the county auditor is clothed with power to correct such error for the current year. Our legislature must have considered these powers sufficient to meet the exigencies which would confront both sovereign and subject, in matters of taxation, and did not contemplate that the county treasurer should have supervisory power and jurisdiction in the taxation of the property which has been listed and assessed and, perchance, reviewed and approved by the duly constituted authorities for this purpose.

Surely, a point must be reached in the taxation of property when tax officials may not go back of the returns. It may not be said that the undervaluation of property or an erroneous assessment by the assessor, due to undervaluation, necessarily constitutes fraud. Officials are presumed to act regularly and perform honestly. Our statute, in conferring power on the county treasurer, contemplates that property subject to taxation may be "fraudulently withheld from assessment." This

is not the instant case. Fraud may not be imputed to the defendant bank. The *causa omissi* is not chargeable to the bank. The only impeachment we can bring to bear is that the assessor, in making a mathematical computation, committed error, and did not work the problem correctly. As was said in the *Talley* case, supra: "It may be attributed to honest misjudgment."

II. Section 1322 of the Code, as amended, was enacted as a result of the judicial interpretation of the provisions of Section 1322 of the Code Supplement of 1907 in *Home Sav. Bank v. City of Des Moines*, 205 U. S. 503 (51 L. Ed. 901), which decision was reflected in the case of *First Nat. Bank v. City Council*, 150 Iowa 95. The amendment was intended to cure the defects pointed out in these decisions, and to respect the limitations on the taxation of national banks under Section 5219 of the Revised Statutes (Section 9784, U. S. Comp. Stats. Ann.). *Security Sav. Bank v. Board of Review*, 189 Iowa 463. Section 1322, as amended, purports to tax the shares, and directs the assessment of the shares of stock to the individual shareholders in both state and national banks. For an explanation of the method to be used by the assessor, see *First Nat. Bank v. Hayes*, 186 Iowa 892.

The legislature may not tax the general property of a national bank, as it is a governmental agency. *Bank of California v. Richardson*, 248 U. S. 476 (63 L. Ed. 372). The method adopted by our legislature, in recognition of Federal limitations, "comes as near as practicable, considering the nature of the property, to securing, as between them [national and state banks], uniformity and equality of taxation; it cannot be considered as discriminating against either." *Stanley v. Supervisors of Albany*, 121 U. S. 535 (30 L. Ed. 1000).

We have recited this brief history, in view of the contention of appellant that the stock and moneyed capital of the defendant national bank involved herein must be viewed as omitted property, within the legal meaning of that term, for the following reasons: (1) That it is the existence of the statutory value that gives the right to impose a tax; (2) that this value, having been fixed and determined by statutory provision, must be expressed in dollars and cents, and as such is divisible; (3)

that the omission of a part of this value figured in dollars and cents constitutes omitted property.

In legal contemplation, the shares and the corporate capital are separate things. *Owensboro Nat. Bank v. Owensboro,* 173 U. S. 664 (43 L. Ed. 850). Under our present system, the statute taxes only the shares of state and national banks, and no other construction can be given the language of this statute. This being true, and the essential elements in fixing the proper valuation of corporate shares, to wit, the actual capital, surplus, and undivided profits, having been taken into account by the assessor, and the assessable value of the shares having been determined, and this value having been approved by the lawful reviewing authority, and the tax paid, the period must be placed at the end of the sentence in this case. To permit the county treasurer to exercise a supervisory jurisdiction and reassess such property would involve the exercise of a power foreign to his official functions, and would be in conflict with Federal limitations and contrary to the legislative intent and the judicial interpretation heretofore expressed in the cases cited.

The judgment entered by the trial court is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.