[Civil No. 3962. Filed April 11, 1938.]

[78 Pac. (2d) 480.]

C. W. PETERSON, GEORGE FRYE, and JOHN A. FOOTE, Individually and as Members of the Board of Supervisors of Maricopa County, Arizona, Appellants, v. G. A. RODGERS, Appellee.

Mr. John W. Corbin, County Attorney, Mr. Lin H. Orme, Jr., and Mr. William C. Fields, his Deputies, for Appellants.

Mr. James A. Walsh, for Appellee.

LOCKWOOD, J.—This is an appeal by C. W. Peterson, George Frye, and John A. Foote, in their official capacities as members of the board of supervisors of Maricopa county, hereinafter called defendants, from a judgment in favor of G. A. Rodgers, hereinafter called plaintiff, requiring them as such supervisors to draw a salary warrant, in proper form, in favor of plaintiff, and to deliver the same forthwith.

The complaint alleged, in substance, that plaintiff was a duly elected, qualified, and acting judge of the superior court of the state of Arizona, in and for Maricopa county, and that it was the legal duty of the supervisors to draw salary warrants in his favor as such judge in accordance with the statutes of Arizona; that they, without legal authority, had refused to draw a warrant and deliver it to him for his salary for the first fifteen days of the month of July, 1937, although demand had been made therefor. The prayer was that a writ of *mandamus* be issued commanding them to draw and deliver such warrant, or show cause why it should not be done. An alternative writ was issued, and defendants answered, admitting that plaintiff was judge as aforesaid, and that it was their duty to draw and execute salary warrants whenever there was owing to him by the county of Maricopa any sums as salary under the law of Arizona; that they had refused to deliver him a warrant for the first fifteen days of July as aforesaid, and still refused to do so, but denied that it was their duty to deliver the warrant under the circumstances of the case, and gave the following reasons therefor: Plaintiff during the calendar years 1935 and 1936 was judge of the superior court of Maricopa county, and there was paid to him the sum of $5,476.92 as that portion of his salary accruing during such years which by law was payable by Maricopa county. Prior to the refusal by defendants to deliver to plaintiff his salary warrant for the first fifteen days of July, 1937, they determined that plaintiff was indebted to the county of Maricopa in the sum of $1,076.92 on account of the fact that the salary paid to him as aforesaid was in excess of that fixed by law to the amount last mentioned, and that by virtue of the provisions of section 783, Revised Code of 1928, it was their duty to refuse to pay him any salary without deducting therefrom the amount

of his indebtedness to the county, and that the indebtedness was far in excess of the amount of salary due him for the first fifteen days of July, as aforesaid. There was a demurrer filed to the answer which was at first overruled, and the case proceeded to trial on the merits. Certain evidence was offered by defendants during the trial and ruled out by the court. After considerable discussion the court took the whole matter under advisement, and later reversed its ruling in regard to the demurrer to defendants' answer, and sustained the demurrer, and defendants standing upon their answer, judgment was rendered in favor of plaintiff, that the alternative writ be made permanent, and that defendants draw and deliver the salary warrant requested by plaintiff. The question before us is, therefore, one of law, and may be stated briefly as follows:

When there is a salary fixed by law which the board of supervisors of a county is required to pay to the incumbent of an office, is it the duty of the board, before the payment of such salary, to deduct therefrom any indebtedness which it may find is due from the officer to the county? The answer to the question depends upon the construction of sections 781 and 783, Revised Code of 1928, which read as follows:

"§ 781. *Demand for claim against county.* No payment shall be made from the treasury of the county except upon demand duly presented and allowed. Every person having a claim against a county, shall, within six months after the last item of the account accrues, present a demand therefor, in writing, to the board of supervisors of the county against which such claim or demand is held, verified by the affidavit of himself or agent, stating minutely what the claim is for, and specifying each item and the date and amount thereof, and that the claim and each item thereof is justly due. The board shall not consider any claim unless such demand therefor is presented

within such time. Compensation due to jurors and witnesses, and official salaries shall be paid without the presentation of such claim.''

''§ 783. *Limitations on allowance of claims; hearing.* No demand shall be allowed by the board in favor of any person indebted to the county without first deducting such indebtedness, nor in favor of any officer whose accounts have not been rendered and approved, or who has neglected or refused to make his official returns, or report in writing, as required by law, or in favor of any officer who wilfully neglects or refuses to perform any of the duties of his office. The board may examine the claimant on oath, or any other person, to determine the justness of such demand. Any citizen or taxpayer of the county may appear before the board and oppose the allowance of any demand.''

It is the position of defendants that by section 783, *supra,* they are prohibited from paying the salary in question without first deducting any indebtedness due from plaintiff to the county, and that they are, therefore, under the obligation of acting in a *quasi*-judicial capacity to determine whether or not there is any such indebtedness; that this determination involves the exercise of discretion; and that *mandamus* will not lie to compel an act which depends upon the discretion of the person against whom the writ is sought.

It is the contention of plaintiff that when the salary of a public officer is fixed by law, and it is the duty of the board of supervisors to pay the same, the provisions of section 783, *supra,* in regard to the deduction of indebtedness do not apply to such salary for the reason that by the last sentence of section 781, *supra,* official salaries are required to be paid without the presentation of any claim, and that section 783, *supra,* only applies to demands which are required by law to be presented to and approved by the board of supervisors in the manner set forth in 781, *supra.* The question then is as to whether the words ''no demand'' in the beginning of section 783 include official salaries.

 The undoubted ·purpose of section 783 is that those claiming an indebtedness in their favor from a county may not be permitted to collect their claims without first paying anything which they may owe the county. The principle is obviously just and is universally recognized in regard to dealings between private parties under the well known rule of set-off or counterclaim. Indeed, we can see no reason why that rule should not be applied to obligations of counties, regardless of any statute, if we are to consider only the equities of the question. Of course if the legislature wishes to deny to a county the right of set-off or counterclaim it may do so, but we think we should not presume that the legislature will violate general principles of justice, and when the right of set-off is expressly affirmed and, indeed, made mandatory upon the board of supervisors of a county, we should not presume that there are any· exceptions to such a rule unless the act explicitly and specifically declares them.

 With this general rule for our guidance, let us examine the two sections above set forth. What is meant by the word ''demand'' as it appears in the sections? Webter's New International Dictionary, which is universally accepted as authority for the meaning of words in the English language, gives a number of definitions, but states that when it is used in the legal sense there are three which, apply:

''(a) The asking or seeking for what is due or claimed as due, (b) the right or title in virtue of which anything may be claimed, as to hold a demand against a person, (c) the thing or amount claimed to be due.''

It will be seen that the word is used as applying to both the *thing* which is claimed to be due, and to the *asking* for the payment of the thing. In section 781, *supra,* the word ''demand,'' judging from the context of the section, refers primarily to the *asking,*

for the section sets up in minute detail the form in which the ''demand'' shall be made. When, however, we consider the same word as used in section 783, we think that to restrict its meaning to the formal request for payment set forth in 781 would be a narrow construction, not in accordance, as we have indicated, with the fundamental principle of justice, and not lightly to be implied. We are of the opinion that in justice and reason the word ''demand'' as used in 783 refers to the *thing* which is asked, rather than to the *method of asking,* and that an official salary, regardless of the manner in which the request for payment is made, comes within the meaning of the word as used in that section. The reason that presentation of a claim for an official salary is waived by the last sentence of section 781 is obvious. Since the amount of the salary is definitely fixed by law, it would be supererogation for an officer to state minutely what the claim was for and to specify each item and the date thereof, or that it was due, for all of those things the board knows from the statute itself. The only thing necessary for it to do in order to determine the justice of such a demand is to examine the statute, and ascertain that the applicant is the person holding the office. We think it clear that the legislature made the exception only to save the trouble and expense of details entirely unnecessary for salary claims, but imperative for claims not fixed in amount by the statute itself, in order that the board might protect the county against imposition. When, however, it comes to the ''demand'' referred to in 783, *supra,* such reasons do not apply. It is as just to require one drawing a salary from a county to pay his debts as it is to require one having an open and unliquidated claim against a county to do the same thing. To hold otherwise would be to establish a discrimination contrary to equity and sustained by nothing but a technical con-

struction of the language of the statute. We hold, therefore, that it is the duty of the board of supervisors to refuse to allow a salary claim of any public official without first deducting any indebtedness which such officer may owe the county. The amount to the credit of such officer is fixed, of course, by law, and no discretion is involved in a determination of the salary, but the amount of the indebtedness is not fixed and may depend upon a hundred different matters of fact. In order to deduct an indebtedness, it is obviously necessary to ascertain it, and this cannot be done without the exercise of discretion. Since a writ of *mandamus* to a public officer cannot be used to compel the performance of an act which involves the exercise of discretion, the learned trial court erred in sustaining the demurrer to the answer. If plaintiff thinks the board has erred in the computation of the alleged indebtedness, he has a complete remedy under section 786, Revised Code of 1928.

The judgment of the superior court of Maricopa county is reversed, and the case is remanded, with instructions to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.