FARMERS DRAINAGE DISTRICT et al., appellants, v. MONONA-
HARRISON DRAINAGE DISTRICT, appellee.

No. 48519.

(Reported in 67 N.W.2d 445)

286

DECEMBER 14, 1954

Kindig & Beebe, Robert B. Pike and Hutchison & Hurst, all of Sioux City, and John D. Beardsley and Sewell E. Allen, both of Onawa, for appellants.

Underhill & Underhill and Prichard & Prichard, all of Onawa, for appellee.

LARSON, J.—The plaintiffs herein, as upper drainage districts subject to assessment for improvements in a common outlet, filed appeals to the district court from an order of the defendant, outlet district board, overruling plaintiffs' objections to proposed work to be done in the outlet district. Said appeals were set for trial and plaintiffs being in doubt as to the requirements of the applicable statutes filed a petition for declaratory

relief requesting that the court interpret the statutes and determine whether such appeals were authorized, timely or required. The cases were consolidated and submitted at one time. The trial court dismissed the appeals and held the final order of the outlet districts which may be appealed is provided only in section 455.145. While the plaintiffs state they are not in serious disagreement with the court's determination, their rights are substantially affected and they desire clarification and certainty in these and future proceedings.

I. The principal question to be determined is whether or not upper drainage districts which have been notified pursuant to section 455.142 of the 1954 Code of an intention on the part of an outlet district to do certain repair work, for which the upper districts may be required to contribute, may take an appeal when there have been no further proceedings other than the overruling of the objections and the ordering of the work done.

As the facts are largely stipulated by the parties, the trial court correctly addressed itself to the interpretation of the provisions of sections 455.142 to 455.145, inclusive. We do likewise.

Section 455.142, Code of 1954, provides: "When two or more drainage districts outlet into the same ditch, drain, or natural watercourse and the board determines that it is necessary to clean out, deepen, enlarge, extend, or straighten said ditch, drain, or natural watercourse in order to expeditiously carry off the combined waters of such districts, the board may proceed as provided in section 455.135. After said board has decided that such work should be done, it shall fix a date for hearing on its decision, and it shall give two weeks notice thereof by registered mail to the auditor of the county wherein the land to be assessed for such work is located, and said county auditor shall thereupon immediately notify by registered mail the board or boards of trustees of the districts having supervision thereof, as to said hearing on said contemplated work. Each district shall be assessed for the cost of such work in proportion to the benefits derived."

Commissioners to ascertain the proportionate benefits, if any, to the upper districts provided in section 455.143 were not yet appointed, and of course there was no notice or hearing on their report as provided in section 455.144.

Section 455.145, Code of 1954, provides:

"The commissioners shall file with the board a detailed report of their findings. Said board shall review said report and may, by proper order, increase or decrease the amount which shall be charged to each district. After the final order of the board herein has been made, said board shall notify the county auditor, in the time and manner as provided in sections 455.143 and 455.144, of said order, and said county auditor shall notify by registered mail the board of supervisors, and said board or boards of trustees, of said final order. Said board of supervisors and said board or boards of trustees, if aggrieved by said final order, may appeal therefrom to the district court of the county in which any of the improvement proposed or done is located.

"Any such appeal shall be taken, perfected and conducted in the time and manner provided in sections 455.92, 455.94 to 455.98, inclusive, for appeals contemplated by said sections."

The drainage law of Iowa for many years had permitted the outlet districts finding it necessary to clean out, deepen, enlarge, extend or straighten a ditch, drain or natural watercourse which provided an outlet for two or more drainage districts, to require contribution from such upper districts, and to appoint commissioners to apportion the costs of such work in proportion to benefits derived. Mandamus was the usual remedy to compel such contribution. Prior to 1947 we had often held that the districts which are so required cannot attack the work done, the necessity therefor, the legality of the procedure or any step thereof, except by appeal, and had consistently held that any pleaded issue other than a general denial should have been raised by appeal from the action of the board of the outlet district. Often the upper districts complained that they had no notice or knowledge concerning the work intended to be, or that was, done by the outlet district, or that they would be expected to contribute to the cost thereof. This undesirable situation evidently accounts for the amendments in 1947 to provide that notice be given and a hearing held when the outlet district proposed alterations for which the upper districts might be required to share the costs.

We have not yet passed upon the question raised herein as to whether or not an appeal is required or permitted as a result

of the outlet board's order after the first hearing. Whether it is permitted or required after the second hearing or at the time the outlet district notified the upper districts of the assessment finally determined as required of them is also now before us.

Chapter 244, Acts of the Fifty-second General Assembly (1947), amended sections 455.142, 455.143, 455.144, and 455.145, to provide for the first time for the giving of notice by the outlet district of its intention to make certain repairs or improvements which might later be assessed to the upper districts. This legislation also required a notice and hearing on the commissioners' report of proposed benefits found accruing to the upper districts. While none of these amendments is specific as to what happens when such hearings are held and the objections are overruled, it is interesting to note that in the legislature's amendment to section 455.145, they do refer to the "final order" of the board and only therein do they provide specific appellate directions to the overruled objectors as follows: "* * * if aggrieved by said *final order, may appeal* therefrom to the district court of the county in which any of the improvement proposed or done is located." (Emphasis ours.)

Defendant contends the appeals filed herein were premature; the trial court so held, and we are in accord.

The time and manner of appeals under this chapter are set out in section 455.94, which provides in part: "All appeals shall be taken within twenty days after the date of *final action* or order of the board from which such appeal is taken * * *." (Emphasis ours.) It is readily seen that only in section 455.145 do we find the legislature using the words "final order" in connection with such proceedings, and only in that section do we find any specific reference in regard to the time and manner of an appeal. It is only in this section that we find a final action of the board. Previous action is clearly preliminary.

II. Ordinarily the legislature uses words in statutes in the sense ordinarily given them by the courts. Anderson v. Jester, 206 Iowa 452, 221 N.W. 354; Case v. Olson, 234 Iowa 869, 14 N.W.2d 717; Meredith Publishing Co. v. Iowa Employment Security Comm., 232 Iowa 666, 6 N.W.2d 6. Section 4.1, subsection 2, of the 1954 Code, relating to statutory construction, provides that words and phrases used in statutes shall be

construed according to the context and the approved usage of the language, but that technical words or phrases that may have acquired an appropriate meaning in law shall be construed accordingly. The words "final order" have acquired such a meaning in law. "Final" judgments and decisions only are appealable in the courts, except by special permission, and it seems fair to conclude that this term was of legal purport in the words used in the amendments to chapter 455. Rule 331, Rules of Civil Procedure. It is also significant that section 21 of chapter 202, Acts of the Fifty-third General Assembly, amending Code section 455.135 and relating to immediate appeals, excepted the procedures outlined in section 455.142. Furthermore, as the trial court found, there is no certainty at the time of the outlet district's action under section 455.142 that plaintiffs herein would ever be required to contribute to the work done. The initial obligation is on the outlet district. Until the upper district is so assessed by the "final order" of the outlet board, it is in no position to appeal. That such was the intention of the legislature there can be no doubt. If it were not assessed, it would not be concerned, and court interference on its behalf would then be foolish and useless.

██ ██ The provisions of the referred sections are to be construed with a view to promote their objects and to assist the parties in obtaining justice. Section 4.2, Code of 1954. To require the plaintiff to appeal each time its objections were overruled prior to the final determination of its liability would cause a multiplicity of suits, cause unnecessary hardship and expense, sometimes unnecessarily, as above pointed out, and could not in reason be said to be of assistance in obtaining justice. Code provisions must be construed so as to promote their objects and to assist all parties in obtaining justice. Arthaud v. Griffin, 205 Iowa 141, 217 N.W. 809; Lamb v. Kroeger, 233 Iowa 730, 8 N.W.2d 405. Consequences are considered in interpreting such provisions. In re Estate of King, 105 Iowa 320, 75 N.W. 187. A construction should be avoided which would result in inconvenience or absurdity. State ex rel. Woodbury County Anti-Saloon League v. McGraw, 191 Iowa 1090, 183 N.W. 593; Quinn v. First National Bank of Logan, 200 Iowa 1384, 206 N.W. 271.

The plain purpose of the notice and hearing provided in sections 455.142 and 455.144 was to advise the upper districts of proposed repairs and improvements, so that their objections and suggestions could be made of record should they later be required to contribute toward the cost of said work. It would seem more reasonable that such rights of proper exceptions and objections, either to the proposed improvements or the proposed assessments or any part thereof made prior to the final action of the board provided in section 455.145, may be preserved to the district should it later appeal the final determination to the district court. Such exceptions and objections, together with any that may be made to the final order of the outlet board, would present the issues on the appeal. See section 455.96. We are satisfied the wording of these amended sections now clearly sets forth the exclusive method or procedure to be followed in doing necessary repair work in the outlet district, as well as the establishment of the record and the time and manner of the appeal. We are also satisfied that any appeal, other than on jurisdictional questions, prior to the final order of the board is not specifically or directly provided in the sections under discussion herein.

We therefore conclude and declare that sections 455.142 to 455.145, inclusive, as amended, provide an exclusive method by which contributions may be enforced against upper or outletting districts for repairs, alterations and maintenance of the common outlet, and that included in said sections is the exclusive remedy for appeal now by law provided for aggrieved districts.

We also conclude there is no right of appeal from any action of the board of the outlet district until such time as they have reviewed the commissioners' report as to the assessment of benefits, and confirmed, reduced or increased the assessments or some of them therein described, and then for the first time from that final action of the outlet district board is there a right of appeal by any aggrieved district.

We further conclude that any appeal prior thereto is not contemplated or authorized, but is premature and presents no issue or order which would give an appellate court any au-

thority to review the action of the outlet board or to change or alter its decision in any way whatsoever.

All rights of exception or objection, either to the improvement or the assessment for any part or portion thereof, are preserved to the appealing parties by the filing of proper objections, and these objections so filed will present the issues on which the appeal from the final order of assessment will be heard.

It follows the trial court was correct in its dismissal of plaintiffs' appeals and its judgment is affirmed, including its division of costs below.—Affirmed.

All Justices concur.