ROBERT C. LAUBERSHEIMER, Deputy County Treasurer, Lee
County, appellant, v. CARL C. HUISKAMP et ux., appellees.

No. 52527.

(Reported in 152 N.W.2d 625)

August 31, 1967.

Robert B. Dickey, of Keokuk, for appellant.

Boyd, Walker & Concannon, of Keokuk, for appellees.

STUART, J.—This action was brought at law under sections 443.13 and 445.3 of the Iowa Code to recover judgment for taxes assessed by plaintiff against defendants under section 443.12 as moneys and credits allegedly omitted from the assessment rolls for the years 1956, 1957, 1958 and 1959. At the close of the evidence the trial court held the taxes for 1956, 1957 and 1958 barred by the statute of limitations. He then held plaintiff failed to prove a valid assessment for 1959 because (1) the assessment was made jointly and defendants owned no moneys or credits jointly; (2) no demand for payment as required by section 443.12 was made on defendants; (3) there was no proof this was omitted property rather than a revaluation of property already returned.

In 1959 defendants made separate returns of taxable moneys and credits to the Lee County Assessor. In conformity with the local custom, each defendant was permitted to value such property and return an aggregate sum representing the assessed value thereof. These returns were accepted by the assessor and the board of review and were so listed by the county auditor and certified to plaintiff. Tax thereon was subsequently paid.

During the summer of 1960 Lee County was subjected to a moneys and credits audit by the state tax commission. In a directive from the commission signed by Gerald G. Davey, Property Tax Field Auditor, plaintiff was ordered to add additional assessments to the assessments of about 50 residents of Lee County including these defendants.

Acting upon such directive, plaintiff on or about July 15, 1960, entered assessment No. 7618 upon his official records against "Carl and Lucille Huiskamp". On the same day he sent defendants a form letter by regular mail as follows:

"We have been ordered by the State Tax Commission to place on our tax lists omitted moneys and credits for the past five years. The tax is listed as follows:

|      | Valuation | Tax     |
|------|-----------|---------|
| 1956 | 430,000   | 2580.00 |
| 1957 | 523,525   | 3141.15 |
| 1958 | 496,481   | 2978.88 |
| 1959 | 723,466   | 4340.80 |

"This amount is without penalty. Penalty will be added on payment.

"If there are any questions about these assessments, Gerald Davey, State Tax Field Man, will be at the courthouse, July 26. Please call this office if you would like an appointment. Telephone 12."

Sometime after July 15, 1960, defendants met with Mr. Davey and protested the assessment generally. They did not discuss the accuracy of the stock listings, ownership or values. Apparently Mr. Davey had obtained the list of stocks from defendants' income tax returns and arrived at values by capitalizing dividends or interest therefrom. He made no oral demand

upon defendants for the payment of the computed tax. There was no further contact between plaintiff or Mr. Davey and defendants and nothing further was done until this lawsuit was instituted July 1, 1963.

I. As noted above the letter from the tax commission directed plaintiff to "add an additional assessment for moneys and credits to Carl C. and Lucille M. Huiskamp". Such ownership is shown on the assessment rolls. The trial court found on January 1, 1959, Carl owned taxable moneys and credits of about $720,000 and Lucille owned corporate stocks worth about $48,000, but they "owned no property jointly subject to taxation as moneys and credits". He held the assessment was invalid as there was no property subject to the joint assessment and plaintiff could not recover on the basis of such assessment from defendants on moneys and credits owned by them individually. Plaintiff assigns this holding as error. We must affirm.

The treasurer's authority to add omitted property to the tax assessment rolls and to bring a suit for nonpayment is found in sections 443.12 and 443.13. "This proceeding is purely statutory, and, unless there was at least a substantial compliance with the terms of the statute, the action cannot be maintained for the plain reason that without statutory authority no suit at law will lie to recover taxes on omitted property." Judy v. National State Bank, 133 Iowa 252, 257, 258, 110 N.W. 605.

Unless there is a valid assessment there can be no valid tax or obligation from the taxpayer. Security Trust & Savings Bank v. Mitts, 220 Iowa 271, 277, 261 N.W. 625; Bennett v. Finkbine Lumber Co., 199 Iowa 1085, 1088, 1090, 198 N.W. 1; Galusha v. Wendt, 114 Iowa 597, 604, 87 N.W. 512. Moneys and credits are assessed against the owner thereof. Section 429.2; Branch v. Town of Marengo, 43 Iowa 600, 601.

A joint assessment of the moneys and credits of two persons, even if they be husband and wife. is not the same as an assessment against each individual owner for his own property and is not substantial compliance with the statute. Lucille Huiskamp had no obligation to pay the taxes due on her husband's moneys and credits nor could her individual real property be subjected to a lien for his tax obligation. Appellee has

not cited nor have we found any cases in which a joint assessment of moneys and credits owned individually has been approved. The precedent is clear with regard to the assessment of real property.

"Joint assessments for taxation of tracts of land belonging to different persons are usually regarded as so contrary to the theory and intent of tax laws as to render them, and all subsequent tax proceedings, utterly void. * * * One of the most obvious practical objections to a joint assessment of separate tracts belonging to different owners is that neither owner can determine in what amount his land is assessed, * * *." 51 Am. Jur. 644, Taxation, section 690; 84 C. J. S. 775, Taxation, section 407; Annotation, 144 A. L. R. 341.

Appellant states there are obvious reasons for requiring separate assessment for parcels of land belonging to different owners which do not apply to moneys and credits. He fails to state them and we do not find them obvious. We believe the analogy is sound. It is at least as important that moneys and credits be assessed to the actual owner. Land taxes are a tax against the land and unpaid taxes are a lien against that particular tract of land. Section 445.28.

■ Personal property taxes are the personal obligation or liability of the owner, Ogden v. Lowry, 249 Iowa 1183, 1185, 91 N.W.2d 378; and are a lien against all real estate owned by the taxpayer. Section 445.29.

■ Plaintiff argues the joint assessment was not so misleading or prejudicial as to invalidate the assessment and that after the trial, judgment could have been entered against the actual owner in the proper amount. Although it is true the evidence disclosed the true ownership of the moneys and credits, as stated above, judgment must be based on a valid assessment. We join the trial court in being unable to see how plaintiff, if defendants owned no property jointly, can recover a tax so assessed against them.

■■ Plaintiff also argues defendants waived their right to object to the manner in which the assessment was made by failing to protest to Mr. Davey or to take an appeal to the Board of Review as provided in section 441.37. The meeting with Mr.

Davey was not a hearing. It was an opportunity to "ask questions". It was voluntary on defendants' part. They would not have waived all defenses if they had not made an appointment to talk with him. There was no need to raise any defense until formal action to collect the assessment was commenced.

Section 441.37 relates to appeals from the original assessments and has no application to the procedure by which the treasurer may add omitted property. This is governed by sections 443.12 and 443.13. There is no provision for any hearing or appeal other than that afforded defendants after the action to collect the tax has been commenced.

In passing we might comment that there appears to be no reason why the moneys and credits could not have been properly assessed against the true owner. The record shows defendants filed separate state income tax returns. Mr. Davey obtained his information from such returns. The interest and dividends of each should have been reported on his or her return.

We do not condone the failure of taxpayers to properly declare their moneys and credits but they are entitled to have the statutes followed substantially when omitted property is discovered. We hold the listing of the moneys and credits to defendants jointly rather than to the individual owner invalidates the assessment.

In view of our holding above an affirmance is required and it becomes unnecessary for us to consider other matters urged by plaintiff for reversal or the matters urged by defendants as further reasons for affirmance.—Affirmed.

All JUSTICES concur except LeGRAND, J., who takes no part.