Loretta FREITAG, Lee County Treasurer, Lee County, Iowa, Appellant,

v.

Carl C. HUISKAMP, Executor of the Estate of Eva L. Huiskamp, deceased, Appellee.

No. 53259.

Supreme Court of Iowa.

April 8, 1969.

Rehearing Denied June 10, 1969.

Robert B. Dickey, Keokuk, for appellant.

Boyd, Walker & Concannon, Keokuk, for appellee.

SNELL, Justice.

This is an action at law by a county treasurer for the collection of moneys and credits tax on previously untaxed securities.

Since the action was started there has been a change in the personnel of the Treasurer's office and the taxpayer has died. Substitutions have been made. The Treasurer will be referred to as plaintiff. The original taxpayer will be referred to as defendant.

From the record before us it appears that there has been a consistent failure to properly list property for taxation. Tax evasion should not be condoned.

In this case the trial court, while frowning on the result, permitted over $400,000 in taxable moneys and securities to escape taxation. This was accomplished by an unduly strict and limited definition and application of the word "demand". With a result as flagrantly unjust as we have here we should do more than just frown.

In 1959 defendant made an individual return to the county assessor valuing her taxable moneys and credits in the aggregate sum of $45,000. That return was accepted by the assessor and board of review, listed by the county auditor, and certified to plaintiff-treasurer. Subsequently the tax on that amount was paid in full. Later, in July 1960, acting pursuant to a directive from the State Tax Commission, plaintiff placed "an additional assessment" for moneys and credits on defendant's tax record for property having a value of $490,356. Plaintiff-treasurer then sent her the following letter:

"We have been ordered by the State Tax Commission to place on our tax list ommitted (sic) monies and credits for the past five years. The tax is listed as follows:

|  | Valuation | Tax |  |
|---|---|---|---|
| "1956 | $495,230 | 2971.38 |  |
| 1957 | $453,558 | 2721.35 |  |
| 1958 | $391,715 | 2350.29 |  |
| 1959 | $490,356 | 2942.14 | 10,985.16 |

"This amount is without penalty. Penalty will be added on payment.

"If there are any questions about these assessments, Gerald Davey, State Tax Field Man, will be [at] the court house, July 26th. Please call this office if you would like an appointment. Telephone 12."

No meeting between defendant and the state tax field man took place. Nothing further was done until the present action was commenced July 1, 1963.

Defendant in answer to interrogatories stated that she owned corporate stock valued at $454,650.99. Exempt stocks were not included. At the trial in district court defendant's executor admitted the answers were correct. Defendant had made a return to the assessor of taxable moneys and credits owned by her in the amount of $45,000. Whether the difference was the result of undervaluation or omission is of no consequence. No one could be so naive as to think a difference of over $400,000 was inadvertent or a mere oversight. The practice had been followed for a number of years but the statute of limitations barred recovery prior to 1959.

Neither the assessor nor county treasurer had knowledge of the situation until the State Tax Commission discovered the discrepancy between the report to the assessor and the defendant's income tax return. The tax commission directed the county treasurer to levy an additional tax. Pursuant thereto the treasurer entered the assessment.

I. Section 441.19, Code of Iowa, requires an owner to assist the assessor in listing all his property for taxation. The omission of $400,000 is not very effective assistance.

II. Section 443.12, Code of Iowa, provides:

"Corrections by treasurer. When property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed, the county treasurer shall, when apprised thereof, at any time within five years from the date at which such assessment should have been made, demand of the person, firm, corporation, or other party by whom the same should have been listed, or to whom it should have been assessed, or of the administrator thereof, the amount the property should have been taxed in each year the same was so withheld or overlooked and not listed and assessed, together with six percent interest thereon from the time the taxes would have become due and payable had such property been listed and assessed."

The only question before us is the sufficiency of the treasurer's demand. Everything else appears. The property was not listed or assessed. The treasurer was apprised thereof. An additional assessment was noted on defendant's tax records. By letter, quoted supra, defendant was notified as to what had been done and why. The amount of the additional assessment and the tax thereon were stated. Reference was made to penalty to be added. (Penalty could not be computed until date of payment was known). Defendant was told where, when and with whom she might question the assessment. The letter was polite, courteous and informative. It was not blunt or threatening. However, it seems inconceivable that a wealthy taxpayer accustomed to paying taxes could misunderstand or misconstrue the letter or think that she could ignore it.

III. The statute does not define "demand." Neither form nor content is prescribed. The rules governing the sufficiency of an original notice to confer jurisdiction do not apply.

Section 443.13, Code of Iowa, provides:

"Action by treasurer-apportionment. Upon failure to pay such sum within thirty days, with all accrued interest, he shall cause an action to be brought in the name of the treasurer for the use of the proper county, to be prosecuted by the county attorney, or such other person as the board of supervisors may appoint, and when such property has been fraudulently withheld from assessment, there shall be added to the sum found to be due a penalty of fifty percent upon the amount, which shall be included in the judgment. The amount thus recovered shall be by the treasurer apportioned ratably as the taxes would have been if they had been paid according to law."

This action would require notice as an original action. We have no such issue here.

IV. Laubersheimer v. Huiskamp, Iowa, 152 N.W.2d 625 was an attempt to collect tax on allegedly omitted moneys and credits. We held that the tax on moneys and credits must be assessed to actual owner and that there was no valid assessment against defendants jointly.

The issues in the case now before us were not decided there.

It is, of course, well settled that procedure for collection of moneys and credits tax is statutory. In the absence of a valid assessment an action for collection must fail. See Laubersheimer v. Huiskamp, supra, and cases cited therein. There are many cases that so hold but those cases are not authority for the issue before us.

V. Bell v. Stevens, 116 Iowa 451, 90 N.W. 87 is the only Iowa case cited or relied upon that considers the formal sufficiency of a treasurer's demand.

That case had a factual background comparable to the case before us. The taxpayer had failed to list for taxation certain moneys and credits. The treasurer brought

action to collect. The sufficiency of the demand for payment was challenged. Except for editorial division and renumbering the statuory provisions remain the same. What the court said is so appropriate to our present problem that we quote at some length.

"Attached to the petition as an exhibit is a copy of the notice or demand alleged to have been served on the defendants. Defendants' demurrer to the petition stated the following special grounds thereof: (1) That the notice or demand mentioned in the petition is an original notice of the commencement of an action by another party not a party to this suit, and therefore this action is prematurely brought * * *.

"The point made by the defendants is that this notice is not a 'demand,' within the contemplation of the statute above quoted, because (1) the name 'H. M. Tracy, Treasurer,' is not equivalent to 'H. M. Tracy, Treasurer of Jackson County, Iowa,' and (2) the writing so served upon the defendants is not a demand for the payment of taxes, but a notice of the commencement of an action to recover judgment. We think these objections cannot prevail. As we have already seen, the statute makes it the duty of the county treasurer to demand of the proper person the amount which should have been taxed against the omitted property, and, if not paid within 30 days, to bring suit therefor, but does not prescribe the form of such demand, or state whether it shall be in writing or otherwise. Its essential purpose is to inform the person against whom it is asserted of the basis of the claim made against him and of the amount thereof, and give him an opportunity to pay without litigation; and, while it is, doubtless, the better practice to make such demand by a formal writing, duly served, we do not feel at liberty to say that a notice or demand of less formal character, which accomplishes that essential purpose, is legally insufficient, because not stated with the most exact precision. It would be the merest affectation to say that when served with this writing the de-fendants did not instantly know and fully understand that the county treasurer of Jackson County made a claim that their intestate, Mott Watson, concealed and withheld $86,000 worth of moneys and credits from assessment for the year 1895, and that said officer demanded at their hands, as the administrators of said Watson, the sum of $3,487, in payment of the taxes upon the property thus omitted. * * *

"The fact that the writing upon which appellant relies as a demand was an original notice in another action for the enforcement of the same claim we do not regard a sufficient reason why we should refuse to treat it as a demand, within the meaning of the law of the present case. It is evident from the record that in December, prior to the commencement of this action, the then treasurer of Jackson County served upon the defendants an original notice of an action against them for the January term of the district court to enforce the recovery of this tax. What became of that action, whether it was dismissed or withdrawn or tried or is still pending is not expressly disclosed; but from the fact that this action has since been brought upon the same subject-matter, against the same defendants, and there is no plea of former adjudications, we may presume that it has been disposed of in some manner not affecting the merits.

"The service of an original notice instituting an action for a money judgment is a demand of payment in the highest sense of the word. Where, however, the statute makes a preliminary demand essential to the maintenance of such action, the original notice is not enough to allow recovery in that proceeding. The most casual reading of the statutory provision under consideration shows us that an action by the treasurer cannot properly be instituted until 30 days after a demand has been made for payment. If, however, he does commence such action, and afterwards finds that he cannot establish the preliminary demand essential to his recovery, why may he not treat the action thus prematurely begun as

a demand, upon which, at the end of 30 days, he may successfully begin anew? 9 Am. & Eng.Enc.Law (2d Ed.) 212; Nixon v. Long, 33 N.C. 428.

"We are aware that remedies provided by statute, out of the ordinary course of procedure, are generally to be construed and followed with strictness; but this rule is no more imperative than that other which requires us to give to the language of the statute, so far as possible within the limits of fair and reasonable construction, that force and meaning which shall promote the purposes of its enactment. Courts will look with care to guard against everything which is liable to operate oppressively upon the citizen and taxpayer, and, on the other hand, they will not indulge in excessive refinement of reasoning, the net result of which is the escape of the property owner from his just contribution to the support of the state whose protection he enjoys. The elusiveness of moneys and credits, the jugglery by which they so often disappear at the approach of the assessor, and the justice of the requirement that every man shall do his equal share in carrying the public burdens, demand that the remedies which the law affords shall not be robbed of their effectiveness by narrow and illiberal interpretation."

For 60 years the reasoning in that case has stood unchallenged. It should be followed here.

VI. The philosophy of serving justice in the construction of statutes has been frequently recognized. In Farmers Drainage District v. Monona-Harrison Drainage District, 246 Iowa 285, 67 N.W.2d 445 (not a tax case), these statements appear:

"The provisions of the referred sections are to be construed with a view to promote its objects and to assist the parties in obtaining justice. * * * A construction should be avoided which would result in inconvenience or absurdity. [Citations]" loc. cit. 290, 67 N.W.2d loc. cit. 449.

VII. The word "demand" has been used so frequently that almost any application sought for may be found. ·

According to Helliker v. Bram, Mo., 277 S.W.2d 556, 558: " 'The word "demand", says Lord Coke, is one of the most comprehensive terms in the law. (Co. Litt. 291b.) It is defined by other writers, to be a claim, a legal obligation. In the matter of Denny and Manhatten [Co.], 2 Hill [N.Y.], 220, Nelson, C. J., says, "the term 'demand' is one of the most extensive import, among the most so, indeed, of any that are known to the law." ' "

26A C.J.S. Demand page 169, states:

"To constitute a sufficient demand, one need not employ the word 'demand,' nor will other formal acts or words, or a personal demand, usually be considered necessary.

"In the civil courts, constructive demands may be and are recognized * * *.

" * * * the word 'demand' is defined as meaning the assertion of a legal right; the assertion of a right to recover a sum of money; a calling for a thing due or claimed to be due; a claim; a peremptory claim to a thing of right; a request to pay; a requisition or request to do a particular thing specified under a claim of right on the part of the person requesting; a request addressed to a person that he will do some act which he is legally bound to do, after the request has been made; the right or title in virtue of which anything may be claimed, as to hold a demand against a person; also a legal obligation; a thing or amount claimed to be due * * *."

The authorities noted in C.J.S. indicate the comprehensiveness of the word.

We conclude that the word in our statute is sufficiently comprehensive to include the intent, purpose and informational result of the treasurer's letter.

VIII. The trial court held that the action to collect for the assessments for the

years 1956, 1957 and 1958 was barred by a statute of limitations contained in sections 443.12 and 443.13, Code of Iowa. Appellant conceded the correctness of that ruling and the assessments for those years are not involved in this appeal. That part of the court's order and judgment is affirmed.

That part of the court's order and judgment relating to the assessment for the year 1959 is reversed and the case is remanded to the district court for entry of appropriate judgment.

Costs are taxed to defendant.

Reversed and remanded.

All Justices concur, except RAWLINGS and MOORE, JJ., who dissent.

RAWLINGS, Justice (dissenting).

I am in disagreement with the result reached by the majority and the reasoning by which it is achieved, therefore dissent.

I. In holding the letter from Lee County Treasurer to taxpayer constituted a statutorily sufficient "demand", the majority cites and relies in large part, if not entirely, on Bell v. Stevens, 116 Iowa 451, 90 N.W. 87. That case involved the use of an original notice to fulfill the statutory prerequisite that demand for payment of moneys and credits taxes claimed owing be made thirty days before legal action is commenced to enforce payment. I find no reason to disagree with the holding in Bell v. Stevens, supra, but respectfully submit it accords no support to the position adopted by the majority.

In the cited case, an original action to secure payment of moneys and credits tax was filed and attendant original notice served by the sheriff on defendant-taxpayers. By that original notice plaintiff-treasurer claimed $3,487 was owing by defendants, based on fraudulent concealment and withholding from assessment of certain moneys and credits in a specified amount. Presumably, because the statutory

prerequisite demand could not be established that case was abandoned. Subsequently a new action was started. Trial court then sustained a demurrer to the second petition filed, for lack of "demand". On appeal this court reversed holding the first original notice constituted an adequate prefatory demand. In so doing we said, loc. cit., 116 Iowa 456, loc. cit., 90 N.W. 89: "The service of an original notice instituting an action for a money judgment is a demand of payment in the highest sense of the word."

Furthermore, rule 50, Rules of Civil Procedure, provides: "The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. * * * It shall notify defendant to appear before said court within the specified number of days after service * * * and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. A copy of the petition may be attached; but if it is not or if the service is by publication, *the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof*." (Emphasis supplied).

And as we said in Parkhurst v. White, 254 Iowa 477, 480–481, 118 N.W.2d 47, 49: "*The requirements of rule 50* which we have emphasized *are mandatory. Their apparent intent and purpose is to fully inform the defendant of* the nature of the action taken against him and *the relief demanded*, including the amount if money damages are claimed. These rules have the force and effect of statutes. Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 126, 111 N.W.2d 251, 253, 93 A.L.R.2d 371; Halverson v. Hageman, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574.

"There can be little question as to what is required in the notice. The words used are abundantly clear. Among other things, the defendants are to be advised as to the amount of money claimed by plaintiff by way of damages." (Emphasis supplied).

I submit the foregoing discloses no rational basis upon which plaintiff-treasurer's letter in the case at bar can be equated with the original notice in Bell v. Stevens, supra.

In fact, as I view the Bell case, it more nearly supports this dissent than the reaching majority opinion.

II. The question here before us is not whether the "polite, courteous and informative" letter from plaintiff-treasurer to defendant's decedent is a demand in the "highest sense of that word". Rather, it is whether that communication was sufficient to meet the most minimal demand requirements of the law.

Dealing with the statutes here involved this court said in Laubersheimer v. Huiskamp, Iowa, 152 N.W.2d 625, 627: "The treasurer's authority to add omitted property to the tax assessment rolls and to bring a suit for nonpayment is found in sections 443.12 and 443.13. *'This proceeding is purely statutory and unless there was at least a substantial compliance with the terms of the statute, the action cannot be maintained for the plain reason that without statutory authority no suit at law will lie to recover taxes on omitted property.'* Judy v. National State Bank, 133 Iowa 252, 258, 110 N.W. 605." (Emphasis supplied).

To the extent here relevant Code section 443.12 provides the county treasurer shall *demand* payment of taxes on omitted property not previously listed and taxed. That demand is to be made within five years of the time the assessment should have been made. And, if payment is not forthcoming within thirty days thereafter the treasurer is to bring an action to recover any additional tax owing and demanded.

The principle as stated in Laubersheimer v. Huiskamp, quoted supra, requires that we give it recognition and precedential value.

But the majority refuses to accord such recognition and summarily casts aside the foregoing statement of principle by merely finding, " * * * those cases are not au-

thority for the issue before us." I submit Laubersheimer, supra, recites a rule of controlling influence.

In order to resolve the issue at hand certain well settled rules of statutory construction must be considered.

The only legitimate purpose of statutory construction and interpretation is to ascertain legislative intent which must be deduced from the language of the statute. Rule 344(f) (13), R.C.P.; Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 120–121, 137 N.W.2d 900; and Jones v. Thompson, 240 Iowa 1024, 1036, 38 N.W. 2d 672.

Ordinarily the legislature uses words in statutes in the same sense usually given them by the courts. Farmers Drainage District v. Monona-Harrison Drainage District, 246 Iowa 285, 289, 67 N.W.2d 445 and Anderson v. Jester, 206 Iowa 452, 221 N.W. 354.

Additionally Code section 4.1(2) provides: "Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

Since section 443.12 does not define "demand" or set forth the form and content thereof, we must resort to the ordinary meaning given that term by the judiciary.

As stated in 26A C.J.S. Demand page 169: " * * * the word *'demand' is defined as meaning * * * the assertion of a right to recover a sum of money; * * * a request to pay; * * * a request addressed to a person that he will do some act which he is legally bound to do, after the request has been made; * * * a thing or amount claimed to be due * * *."* (Emphasis supplied). See also Harwood v. Dysart Consolidated School District, 237 Iowa 133, 138, 21 N.W.2d 334; Peterson v. Rodgers, 51 Ariz. 502, 78 P.2d 480, 482; Smith v. Municipal Court of Glendale Ju-

dicial Dist., 167 Cal.App.2d 534, 334 P.2d 931, 934; and State ex rel. Patterson v. Warren, 254 Miss. 293, 180 So.2d 293, 298, 182 So.2d 234.

The majority says, "The word 'demand' has been used so frequently that almost any application sought for may be found." This may be true. But we are here required to seek only that meaning intended by the legislature. And, as stated in rule 344(f)(13), R.C.P.: "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

Mindful of the foregoing, the statutory enactment here involved reveals the legislature intended an action for recovery of moneys and credits taxes cannot properly be instituted until expiration of a thirty day period *after demand for payment.* This means the demand prescribed by law is a necessary condition precedent to any legal action. See Bell v. Stevens, 116 Iowa 451, 456, 90 N.W. 87, and Van Emmerik v. Vuille, 249 Iowa 911, 913–914, 88 N.W.2d 47.

Although, as aforesaid, the form of such demand is not prescribed by statute, its self-evident purpose is to inform a taxpayer of the specific claim made, specifying the amount owing, with a demand for payment thereof, plus interest, and advise as to possibility of legal action if the amount due be not paid within thirty days. Bell v. Stevens, supra, at 116 Iowa 454, 90 N.W. 87. See also in this regard Sherman B. Ruth, Inc. v. O. S. V. The Marie and Winifred, D.C., 150 F.Supp. 630, 632, and Duffey v. Cross, Tex.Civ.App., 175 S.W.2d 637, 641–642.

Trial court, when confronted with the demand issue, relied on Judy v. National State Bank, 133 Iowa 252, 110 N.W. 605; Bennett v. Finkbine Lumber Co., 199 Iowa 1085, 198 N.W. 1; and Buser v. Kriechbaum, 229 Iowa 888, 295 N.W. 455, and found, in effect, the letter was nothing more than a mere notification of assess-

ment, not a demand for payment of any tax and interest claimed to be then owing.

The cited cases, referred to by trial court, while not dealing specifically with the matter of demand form, do set forth the content of the payment request to be made. There, in each instance, the taxpayer was specifically advised as to the amount of taxes due, and payment thereof plus interest demanded, with notice that failure to pay within thirty days would result in an action to secure payment.

Furthermore, in Kehe v. Blackhawk County, 125 Iowa 549, 101 N.W. 281, this court dealt with an action for recovery of taxes on moneys and credits alleged to have been erroneously assessed and paid. *There, taxpayers argued a notice from the county treasurer which stated, in effect, they owed certain taxes and as by law provided an assessment would be accordingly listed on the tax records, unless they appeared and showed cause why such should not be done, constituted a "demand". We there said,* loc. cit., 125 Iowa 554–555, loc. cit., 101 N.W. 283: "* * * *the notice in the case at bar did not demand anything.* It simply said that, unless plaintiff and his wife appeared and showed cause why the property should not be assessed, it would be listed and assessed, and taxes extended, as by law provided. This notice was not, as we have already said, an assessment of the property, nor was it a demand." (Emphasis supplied).

On the basis of the foregoing, the word "demand", as employed in Code section 443.12, can mean nothing less than an unqualified request for payment of a specific sum owing. See Bell v. Stevens, supra, loc. cit., 116 Iowa 454, 90 N.W. 87.

But the letter from plaintiff to taxpayer, quoted by the majority, states only, (1) plaintiff was ordered by State Tax Commission to place the included assessment of omitted moneys and credits on the tax lists; (2) the tax amount did not include penalty; and (3) a meeting with a state tax field man could be arranged if desired.

It is thus apparent plaintiff did not in any manner or means *demand* payment of any tax owing, nor did she say failure to pay within thirty days would result in commencement of legal action.

Briefly stated, the basic intent and purpose of the statutorily required demand procedure is here lacking. The letter under consideration was nothing more than a *notification* to the effect an assessment had been made and if taxpayer so desired a discussion of the matter could be arranged. This falls far short of the demand required by law.

III. In reversing, the majority states at the outset: "This is an action at law * * for the collection of moneys and credits tax on previously untaxed securities." Then in Division II appears this statement: "The only question before us is the sufficiency of the treasurer's demand. Everything else appears."

These statements are contrary to trial court's finding, infra, and appear to stem from an assumption without benefit of any apparent support, either factual or legal.

I submit everything else did not appear to trial court when it found: "Absent proof of the specific corporate securities returned by defendant to the Assessor in 1959, except as to the aggregate value thereof, the Court finds plaintiff has not sustained the burden of proving by a preponderance of the evidence that the assessment entered against defendant on July 15, 1960 was on property withheld, overlooked or from any other cause not listed and assessed within the meaning of Sec. 443.-12."

Based on the foregoing, plaintiff-treasurer here asserts, as her second assigned error, trial court erred in holding there was no proof the assessment was on omitted property rather than a revaluation of property for which return had been made. See in this regard Laubersheimer v. Huiskamp, Iowa, 152 N.W.2d 625, 626, and Langhout v. First National Bank, 191 Iowa 957, 960–962, 183 N.W. 506.

In view of the fact I agree with trial court it is not for me to discuss the merits of the above allegation in this dissent. But to reverse, as does the majority on the demand issue, seems to require some consideration be given to trial court's finding as to whether the property taxed was withheld, overlooked, or not previously listed and assessed, as required by Code section 443.12.

I would affirm.

MOORE, J., joins in this dissent.